# ILDVEDSEN v. FIRST STATE BANK OF BOWBELLS.

(139 N. W. 105.)

**Attachment — priority over prior unrecorded deed.**

1. Plaintiff invokes the statutory remedy to determine adverse claims to real property, alleging in her complaint that she is the owner in fee of the property. Defendant answers, denying such ownership in plaintiff and alleging that on April 25, 1911, one Peter Ildvedsen was the record owner of an undivided one-half interest in such property, and that on such date it caused a writ of attachment to be levied pursuant to law on such undivided one-half interest, in an action brought by it against said Peter Ildvedsen. That thereafter it recovered a judgment in such action against said Ildvedsen, which was on August 9, 1911, duly docketed in the clerk's office, under which judgment execution was duly issued, and such undivided one-half interest sold to defendant to satisfy such judgment, and a sheriff's certificate on such sale was duly issued to it by the sheriff.

*Held*, that the rights of defendant under such attachment and execution sale are superior to the alleged rights of plaintiff under an unrecorded deed executed and delivered to her by her husband, the defendant in the attachment suit.

**Attachment — prior unrecorded deed.**

2. Under § 5038, Rev. Codes 1905, an unrecorded deed is void as against subsequent purchasers in good faith and for a valuable consideration whose conveyance is first duly recorded; and also as against any attachment levied on the property or any judgment lawfully obtained against the person in whose name the title to such land appears of record, prior to the recording of such conveyance. Said statute is construed, and *held* that the words, "in good faith," have reference not only to subsequent purchasers, but to attachment and judgment creditors as well.

Note.—For an elaborate discussion of the authorities on the question of possession as notice of title, see note in 13 L.R.A.(N.S.) 51.

**Notice — of rights under unrecorded deed.**

3. The record title to the property in question stood in the names of plain-
tiff and her husband as tenants in common, and it is accordingly held that
plaintiff's possession of the premises was not sufficient to impute to defendant
notice or knowledge of rights acquired by her under the unrecorded deed.

**Notice from possession — presumption.**

4. Plaintiff's possession being consistent with the record title which dis-
closed such tenancy in common, she is presumed to have held such possession
in subordination to the rights of her cotenant as thus disclosed by the public
records.

**Notice — of rights under unrecorded deed.**

5. Other facts found by the trial court relative to plaintiff's possession
of the premises, examined and held insufficient to impute to defendant notice
of her rights under such unrecorded deed.

**Attachment — claim of homestead.**

6. The contention of respondent's counsel that the premises were the home-
stead of the plaintiff and family at the time the attachment was levied and
the judgment entered is without foundation, either in the pleadings or in the
facts as found by the trial court, and the judgment in plaintiff's favor quiet-
ing her title cannot therefore be sustained on such ground.

**Attachment — affidavit.**

7. The attachment affidavit examined and *held* not vulnerable to the attack
made upon it by respondent's counsel.

Opinion filed November 25, 1912.   Rehearing denied December 30, 1912.

Appeal by defendant from a judgment of the District Court for
Ward County, in plaintiff's favor in an action to quiet title to certain
property, *K. E. Leighton*, J.

Reversed.

*Coyle & Herigstad*, for appellant.

Creditor levying his attachment without notice of a prior unrecorded
deed is entitled to priority over the grantee under the unrecorded deed.
4 Cyc. 638.  See also Wahrenberger v. Waid, 8 Colo. App. 200, 45 Pac.
518; Jerome v. Carbonate Nat. Bank, 22 Colo. 37, 43 Pac. 215;
Haines v. Connell, 48 Or. 469, 120 Am. St. Rep. 835, 87 Pac. 265, 88
Pac. 872; Perkins v. Adams, 16 Colo. App. 96, 63 Pac. 792; Thomson
v. Shackelford, 6 Tex. Civ. App. 121, 24 S. W. 980; Caldwell v.
Bryan, 20 Tex. Civ. App. 168, 49 S. W. 240; R. E. Bell Hardware
Co. v. Riddle, 31 Tex. Civ. App. 411, 72 S. W. 613; Atty. Gen. v.

Massachusetts Ben. Life Asso. 173 Mass. 378, 53 N. E. 879; D'Arcy v. Mooshkin, 183 Mass. 382, 67 N. E. 339; Ray v. Smith, 218 Ill. 182, 75 N. E. 921; Dutton v. McReynolds, 31 Minn. 66, 16 N. W. 468; Patnode v. Deschenes, 15 N. D. 100, 106 N. W. 573; Red River Valley Land & Invest. Co. v. Smith, 7 N. D. 236, 74 N. W. 194; Enderlin Invest. Co. v. Nordhagen, 18 N. D. 517, 123 N. W. 390.

As to what constitutes sufficient notice of an unrecorded deed, see Security Sav. & T. Co. v. Loewenberg, 38 Or. 159, 62 Pac. 647; Parker v. Prescott, 86 Me. 241, 29 Atl. 1007; Wilcox v. Leominster Nat. Bank, 43 Minn. 541, 19 Am. St. Rep. 259, 45 N. W. 1136; Welch v. Ketchum, 48 Minn. 241, 51 N. W. 113; Bank of Ada v. Gullikson, 64 Minn. 91, 66 N. W. 131; Red River Land & Invest. Co. v. Smith, 7 N. D. 236, 74 N. W. 194; Patnode v. Deschenes, 15 N. D. 100, 106 N. W. 573; Wahrenberger v. Waid, 8 Colo. App. 200, 45 Pac. 518; Lewis v. Atherton, 5 Okla. 90, 47 Pac. 1070; Schumacher v. Truman, 134 Cal. 430, 66 Pac. 591; Kirby v. Tallmadge, 160 U. S. 379, 40 L. ed. 463, 16 Sup. Ct. Rep. 349.

*Noble, Blood, & Adamson* and *Palda, Aaker, & Greene,* for respondent.

Facts sufficient to put an attaching creditor upon inquiry are sufficient notice of plaintiff's title. German Sav. Bank v. Armour Packing Co. — Iowa, —, 75 N. W. 503; McLaughlin v. Shepherd, 32 Me. 143, 52 Am. Dec. 646; Riddle v. Miller, 19 Or. 468, 23 Pac. 807; McDaniels v. Flower Brook Mfg. Co. 22 Vt. 274.

Omission of affidavit for attachment will render any subsequent proceedings void, in the absence of any saving provision in the statute to the contrary. 3 Enc. Pl. & Pr. 4; William Deering & Co. v. Warren, 1 S. D. 35, 44 N. W. 1068.

Fisk, J. This is the statutory action to determine adverse claims to real property. The property involved consists of lots 13, 14, and 15 in block 4 of the original town site of the city of Minot. Plaintiff recovered judgment in the court below, quieting her title as prayed for in the complaint, and the appeal brings the cause here for trial *de novo.*

The facts were stipulated, and consequently the findings of fact of

the trial court are not in dispute. Such findings are in substance as follows:

"1. That the property involved in this action is described as lots 13, 14, and 15 of block 4 of the town site of Minot, Ward county, North Dakota.

"2. That for three years next prior to the 25th day of April, 1911, the record title to said property was in the name of Peter Ildvedsen and Rakkel Ildvedsen, and that the said Peter Ildvedsen was the husband of the plaintiff, Rakkel Ildvedsen, until divorced.

"3. That about August 10, 1910, the plaintiff, Rakkel Ildvedsen and her husband separated, and the plaintiff at said time commenced an action for divorce against the said Peter Ildvedsen, and since August 19, 1910, she has lived separate and apart from the said Peter Ildvedsen, he not having lived on the premises.

"4. That the attorney who prepared the summons and complaint in said action for divorce in behalf of the plaintiff was J. J. Coyle, one of the attorneys for the defendant in this action; that prior to December, 1910, the said J. J. Coyle was duly discharged and released as attorney for the said Rakkel Ildvedsen, and Arthur Le Sueur and Noble, Blood & Adamson were employed by plaintiff as her attorneys in said divorce action.

"5. That on the 17th day of April, 1911, a decree of divorce was made and entered in said action in favor of plaintiff and against the said Peter Ildvedsen, and that on said date the said Peter Ildvedsen deeded by quitclaim deed all of his right, title, and interest in and to the property described in this action to the plaintiff Rakkel Ildvedsen; that said deed was never recorded; that the defendant in this action or its attorney, J. J. Coyle, had no actual knowledge of the execution or delivery of said deed prior to September 14, 1911.

6. That at and prior to the 17th day of August, 1910, and ever since said date, the plaintiff in this action has been in continuous actual possession of and resided in the building located upon the property described herein.

"7. That on the 25th day of April, 1911, Coyle and Herigstad, a firm of attorneys composed of the said J. J. Coyle hereinbefore referred to, and one O. B. Herigstad, instituted an action in behalf of the First

State Bank of Bowbells, as plaintiff, and against the said Peter Ildvedsen and one Ralph Abbott, as defendants, and in said action did file and serve a notice of attachment in favor of said plaintiff, which is the defendant in this action, on the property above described.

"8. That in making the levy of said attachment the notice of levy was served on the 25th day of April, 1911, by Hans Hovind, deputy sheriff of Ward county, North Dakota, upon the plaintiff herein, by delivering to and leaving with the plaintiff upon said premises the notice of said attachment, and as part of the return of said deputy sheriff he thus stated: 'I further certify and return that I served a copy of the with notice of attachment upon Mrs. Peter Ildvedsen, the occupant of the above-described lots on the 25th day of April, 1911.'

"9. That the said Mrs. Peter Ildvedsen named in said sheriff's return was the same person as the plaintiff in this action, to wit, Rakkel Ildvedsen.

"10. That the plaintiff herein was not a party plaintiff or defendant in the said action in which the said attachment was levied, nor was she served with summons and complaint in said action, and the only papers served upon her was the notice of levy hereinbefore referred to; that she filed no third-party claim or other appearance in said action.

"11. That the affidavit for attachment, omitting formal parts, is in words and figures as follows:

" 'John J. Coyle, being first duly sworn on oath says that he is one of the attorneys for the plaintiff in the above-entitled action. That a cause of action exists against the defendants and in favor of the plaintiff herein for moneys had and received, as shown by the verified complaint in this action which was filed in this court on the 25th day of April, A. D. 1911.

" 'That the defendant is about to remove his residence from the county where he resides, with intentions permanently changing the same, and fails or neglects on demand to give security for the debt upon which this action is commenced.

" 'That the debt upon which the action is commenced was incurred for property obtained under false pretenses.

" 'And prays that a writ of attachment may be allowed and issued

against the property of the said defendants herein, according to the statute in such case provided.

" 'John J. Coyle.

" 'Subscribed and sworn to before me this 25th day of April, 1911.

" 'Omon B. Herigstad,

" '(Seal.)          Notary Public, North Dakota.'

"12. That the complaint filed in said action is the ordinary complaint upon a promissory note, alleging the execution and delivery by Peter Ildvedsen and Ralph Abbott of their promissory note for the sum of $1,500, dated September 7, 1910, and payable six months after date, with interest at 12 per cent per annum, no part of which has ever been paid, and containing a prayer for judgment for the amount thus due.

"13. That the said affidavit and complaint are the only affidavit and complaint in said action.

"14. That it was proven by the testimony that, prior to the levy of the said attachment, the plaintiff presented said quitclaim deed to the register of deeds of Ward county, to be recorded, and that the said register of deeds refused to record the same, for the reason that there was a large amount of unpaid taxes against the property."

From such findings of fact the court, as conclusions of law, held as follows:

"1. That the possession of the plaintiff was sufficient to constitute notice on the part of the defendant of the plaintiff's rights, and that she was owner under the said quitclaim deed prior to and at the time of the levy of said attachment.

"2. That the rights of the defendant in this action, by reason of the said attachment, are subsequent and inferior to any rights in the premises had or owned by the plaintiff at the time of the levy of said attachment.

"3. That as against the said defendant, the plaintiff was and is the owner of the full legal and equitable title, and the plaintiff is entitled to a judgment against the defendant quieting title in the plaintiff as against the defendants, and barring the defendant from any right, title, or interest in or to the said premises as against any rights therein claimed by the plaintiff.

"4. That the plaintiff is entitled to judgment against the defendant for the costs and disbursements of this action.

"Let judgment be entered accordingly.

"By the Court, K. E. Leighton, Judge."

The appellant challenges the correctness of such conclusions from the facts thus found. It is, in brief, appellant's contention that, through its attachment proceedings and judgment against Peter Ildvedsen, it acquired rights in such lots superior to any rights acquired by plaintiff under the unrecorded quitclaim deed from her husband of an undivided one-half interest therein, it being its contention that plaintiff's possession of the lots in question was not sufficient to impart notice to it of any interest acquired by her under such quitclaim deed, and that under the statute of this state the lien acquired by the docketing of defendant's judgment was and is superior to plaintiff's rights under such unrecorded deed.

It being a conceded fact in the case that defendant had no actual notice of such unrecorded deed at or prior to its levy and sale, we are required to determine whether it had constructive notice thereof by virtue of plaintiff's possession of the property. If defendant made its levy and docketed its judgment in good faith and without any notice, actual or constructive, of such unrecorded deed, then it is clear under the provisions of § 5038, Rev. Codes 1905, that it acquired rights in the premises superior to any rights acquired by plaintiff under such deed. Section 5038 provides that every "conveyance not so recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate or any part or portion thereof, whose conveyance . . . is first duly recorded; or as against . . . any judgment lawfully obtained, at the suit of any party, against the person in whose name the title to such land appears of record, prior to the recording of such conveyance." The amendment to this statute as adopted by chapter 152, Laws 1903, was borrowed from our sister state of Minnesota; and the supreme court of that state had, prior thereto, placed a construction upon such statute in numerous cases, holding that the words, "in good faith," not only applies to subsequent purchases, but also to attachment and judgment creditors. Lamberton v. Merchants' Nat. Bank, 24 Minn. 281; Johnson v. Robinson, 20 Minn. 189, Gil. 169; Golcher v. Brisbin,

20 Minn. 453, Gil. 407; Wilkins v. Bevier, 43 Minn. 213, 19 Am. St. Rep. 238, 45 N. W. 157; Northwestern Land Co. v. Dewey, 58 Minn. 359, 59 N. W. 1085. The correctness of the settled construction thus adopted is not challenged by counsel in the case at bar, but appellant contends that plaintiff's possession was not sufficient to impugn its good faith. In this contention we feel obliged to assent. The record in the register of deeds' office disclosed that plaintiff and her said husband were tenants in common of these lots. At no time since the giving of the unrecorded deed by Peter Ildvedsen to plaintiff has there been any visible or notorious change in the possession, sufficient to impart notice to the public of such deed. Plaintiff's possession at all times has been perfectly consistent with the record title, which disclosed such tenancy in common, and she is therefore presumed to have held such possession in subordination to the rights of her cotenant as thus disclosed by the public records. This is a well-established rule. Wilcox v. Leominster Nat. Bank, 43 Minn. 541, 19 Am. St. Rep. 259, 45 N. W. 1136; Kirby v. Tallmadge, 160 U. S. 379, 40 L. ed. 463, 16 Sup. Ct. Rep. 349; Schumacher v. Truman, 134 Cal. 430, 66 Pac. 591; Emeric v. Alvarado, 90 Cal. 444, 27 Pac. 356; Dutton v. McReynolds, 31 Minn. 66, 16 N. W. 468; Motley v. Jones, 98 Ala. 443, 13 So. 782.

Wade on Notice, 2d ed. at § 290, states the rule as follows:

"Another essential feature of the possession which is set up as notice to a subsequent purchaser is that it must be *exclusive*, at least so far as such subsequent purchaser's grantor is concerned. Accordingly, where a father conveyed to his son, upon certain conditions, an undivided one third of a farm, which was at the time occupied by them as tenants in common, and the son removed from the farm during the life time of the father, who remained in sole possession, it was held that the possession of the father would not be notice to parties to whom the son subsequently mortgaged his interest, unless notice could be brought home to the mortgagees, at the time such mortgage was given, not only of the father's possession, but that it was held adversely to his cotenant. This was so held upon the familiar principle that the possession of real estate by one of several tenants in common will not be construed as adverse to his cotenants, for the reason that such possession is perfectly consistent with the extent of his own interest in the land. To render his occupancy adverse to those who have an undivided interest in the

premises, there must be positive and overt acts connected with his exercise of ownership, such as will manifest an unmistakable intention on his part to exclude his cotenants from the enjoyment of the property; otherwise his possession will be regarded not only as a declaration of his own proprietary rights, but those of his cotenants as well."

Applying this well-settled rule to the facts herein, we reach the conclusion that plaintiff's possession did not operate to put defendant on inquiry as to her rights under such unrecorded deed.

But it is respondent's contention that, aside from the question of plaintiff's possession, there were facts sufficient to put defendant on inquiry. Our attention is called to the fact that one of appellant's attorneys in the attachment suit was plaintiff's attorney for a short time in the divorce action brought by her against her husband, and it is urged that this fact is sufficienct to impart to appellant notice of her rights under such unrecorded deed. It is also urged that appellant had knowledge of the fact that Peter Ildvedsen was out of possession, because notice of the levy of the attachment could not be made on him, and was made on Mrs. Ildvedsen as the person in possession. Also that in the attachment affidavit it was stated that defendant was about to change his residence from the county permanently. While it is no doubt true, as contended by respondent, that facts sufficient to put an attaching creditor upon inquiry are sufficient notice of plaintiff's title, we cannot concur in the view that the facts here disclosed are sufficient to bring the case within the rule aforesaid. Being a cotenant with his wife as disclosed by the public records, Peter Ildvedsen's absence from the premises in no manner operated as constructive notice that he had parted with his title, and even if knowledge of the pendency of the divorce proceedings was imputed to appellant at the time of its levy of the attachment and the entry of its judgment, which we very seriously doubt, still we do not think such imputed knowledge would be sufficient to put appellant upon inquiry as to the further fact of Peter's unrecorded transfer of these lots to his cotenant, the plaintiff.

But one other matter needs consideration. It is urged by respondent that the premises constituted the homestead of the Ildvedsens and their family at all times mentioned, and consequently the appellant's levy and sale were a nullity. It is, of course, plain that if such premise is correct, the conclusion is inevitable. The difficulty with such con-

tention lies in the fact that the record does not disclose the homestead character of the premises. The evidence consists merely of a stipulation between the parties, and the findings of fact embody merely such stipulated facts, and the question as to the homestead character is not covered therein. Not only this, but the pleadings raise no such issue. The complaint is in the statutory form to determine adverse claims, and it is therein alleged that plaintiff "is the owner in fee" of the lots described. In view of such facts we deem it improper to remand the case, as requested at the argument, for the purpose of permitting proof of the homestead character of the premises.

We find no merit in respondent's contention that the attachment affidavit is insufficient. See Hilbish v. Asada, 19 N. D. 684, 125 N. W. 556.

The judgment appealed from is reversed, and the District Court is directed to enter judgment in defendant's favor as prayed for in the answer.