HARKER et al, Respondents v. COWIE et al (POTTER, Appellant).

(173 N. W. 722).

(File No. 4448.   Opinion filed July 22, 1919).

1.  Judgments—Setting Aside Default, Excusable Neglect—Two Year Statute, Motion to Vacate Under One Year Statute, Order Refusing as Res Judicata—Estoppel—Estoppel re Party in Privity in Subsequent Suit.

In a suit to determine adverse claims to realty under Laws 1905, Ch. 81, Sec. 9, providing that court may within two years after entry of judgment relieve defendant therefrom for excusable neglect, held, that, defendant's motion to relieve from default having been based upon Code Civ. Proc. 1903, Sec. 151 (Sec. 2378, Rev. Code 1919), providing that court may within one year relieve, etc., defendant, not having relied upon said two year statute, the order vacating the judgment was res judicata and conclusive upon defendant, and he was thereby estopped from setting up in the present suit brought to vacate and cancel said judgment and to quiet title, etc., the defense that trial court had no jurisdiction to set aside said default under Laws 1905; he having contended on said motion that said law only applied in case where defendant had been served by publication, and not by personal service as was claimed in the then present suit; (Cowie v. Harker, 38 S. D, 385, which action is still pending. Held, further, that the co-defendant in

present suit, being in privity with said former defendant, is also estopped by said vacating judgment; he having succeeded to the rights of Cowie in the real estate after commencement of former action, and under circumstances putting him upon inquiry as to Harker's rights.

2. Same—Relief from Default Under Two Year Statute, Notice of Motion Within, Ruling After, Two Years, Effect re Jurisdiction—Appeal from Vacating Order, Effect re Estoppel.

Where notice of a motion to set aside a judgment under Laws 1905, Ch. 81, Sec. 9, was served before expiration of the two years mentioned therein, the matter having been taken under advisement until about three weeks after expiration of the two year period, held, that, the court having regularly acquired jurisdiction of the parties and subject matter for purposes of the motion, failure to render judgment thereon prior to expiration of the two years, was merely an irregular exercise of jurisdiction already acquired, which could only be corrected on appeal, rather than a lack of jurisdiction; and the parties impliedly waived question of jurisdiction, and were estopped by the order setting aside the judgment. Held, further, that the losing party on said motion, having appealed from said order on grounds other than that court had no jurisdiction, acquiesced in said exercise of jurisdiction, and is bound by the decision on the appeal.

3. Same—Vacating Default—Defendant's Timely Performance of Acts Warranting Vacation—Vacating Order after Two Years, Effect Nunc Pro Tunc.

An order vacating a default judgmnt, made after expiration of the statutory period, where it appears defendant had performed every act entitling him to the order of vacation, within the statutory period, should, as to time of making the order, relate back and be held to have been made as of a date prior to expiration of said period, on which date the motion was taken under advisement.

4. Real Property—Good Faith Purchaser—Breaking, Cultivation as Notice of Actual Possession and Equities, Purchaser's Duty to Inquire.

In a suit to quiet title, held, that the breaking, plowing and causing to be raised crops consisting of grains, each year, on lands constituted notice to the world of defendant's actual possession, and of his equities as claimant to ownership, and where lands are cultivated and in crops at time of transfer of title, purchaser's duty was to ascertain or make inquiry as to what interest croppers had in the land.

5. Limitation of Actions—Title to Realty Under Ten Year Statute—Claims, Suit, Adverse To, Possessor, Notice Of, Effect re Tolling—Abandonment of Tax Payment and Possession by

**Adverse Mortgagor Under Foreclosure, Plaintiff's Improvements Meanwhile, Adverse Suit Before Statute Ran, Effect re Laches of Prior Owner in Privity, Estoppel Re.**

Where, in a suit to quiet title, it was found that plaintiff had in good faith under color of title paid taxes for more than 10 successive years preceding commencement of present action, held, that the mere fact that plaintiff had notice that others were claiming title, by means of suits or otherwise, would not stop or toll running of the statute (Code Civ. Proc. 1903, Sec. 54, Sec. 2291, Rev. Code 1919).  So held, where suit involving adverse claims was commenced prior to expiration of the ten years; it appearing that statute would not have been a defense or bar in that suit in favor of the present plaintiff; the judgment in said other suit having been vacated and the action being still pending, its pendancy not having been plead as a bar in the present suit.  Held, further, that, in view of the finding in present suit that the owner of legal title at time of foreclosure sale under which plaintiff claims color of title, abandoned payment of taxes and surrendered possession to the foreclosure purchaser, and made no objections thereto but acquiesced therein for nine years during which time plaintiff made valuable and permanent improvements, the commencement of the former action before running of the ten year statute would be unavailing in favor of present defendant, as the laches of prior owner, from whom he acquired title, would work another estoppel in favor of the present plaintiff, under the rule announced in Shelby V. Bowden, 16 S. D. 546. Held, further, that finding of trial court as to ten year payment of taxes is sustained by evidence.

Smith, P. J., adhering to view expressed in dissent in 38 S. D., 391.

Appeal from Circuit Court, Charles Mix County.  Hon. ROBERT B. TRIPP, Judge.

Action by Emma W. Harker, and M. W. Harker as executor of the last will of Joseph Harker, deceased, against A. E. Cowie and others, to vacate and cancel a judgment, and to quiet title to realty.  From a judgment for plaintiffs, and from an order denying a new tral, defendant John W. Potter appeals. Affirmed.

*French, Orvis & French,* and *Walker & Gurley,* for Appellant.

*J. L. Hannett,* for Respondents.

(1)  To point one of the opinion, Respondents cited, re estoppel:

Orthwein v. Thomas, 11 Am. St. 160.

(2)  To point two, Appellants cited:

Bright v. Juhl, 16 S. D. 440; Sec. 568 Code Civ. Proc. 1903; Deering v. Johnson, Minn. 22 N. W. 174; Sargent v. Kindred, (N. D.), 67 N. W. 826.

(5)  To point five, Respondents cited:

Shelby v. Bowden et al, 16 S. D. 546; Farr v. Semmler, 24 S. D. 290; Demond v. Manheim, 61 Minn. 178.

McCOY, J.  This action was instituted to vacate and cancel the judgment in the case of Cowie v. Harker, and also to quiet title in plaintiff to certain real estate.  Findings and judgment were in favor of plaintiff, and defendants appeal.  This cause has been before this court on a former occasion.  38 S. D. 385, 161 N. W. 620.

From the record it appears that on the 16th day of April, 1888, one Fees was then the owner of the real estate in question, and at that time executed and delivered to the Lombard Investment Company a mortgage upon said land to secure an indebtedness of $600; that thereafter on the 11th day of May, 1888, the said mortgagee purported to assign said mortgage to the Security Trust & Safe Deposit Company; that thereafter, default having been made in the payment of said indebtedness, the said mortgage was foreclosed by advertisement, the foreclosure sale having been made on the 25th day of June, 1898, and thereafter, on the 22d day of July, 1899, the time for redemption having expired without redemption having been made, a sheriff's deed to said land was made to the said Security Trust & Safe Deposit Company, the purchaser at said foreclosure sale; that said mortgage and said purported assignment thereof, said sheriff's deed, and all foreclosure papers, and instruments, were duly recorded on the 14th day of September, 1899.  On the 14th day of February, 1900, the said Security Trust & Safe Deposit Company made, executed, and delivered to Joseph Harker a warranty deed for said lands, which deed was immediately filed for record, and said Harker immediately took possession of said land, in February, 1900, and continuously remained in actual possession thereof until the time of his death in 1912, and his heirs, the

plaintiffs, have been at all times up until the trial of this action in actual possession thereof. On the 28th day of June, 1892, the said Fees, the said mortgagor and original owner of said land, conveyed the same to one Pratt, and thereafter, in 1894, the said Pratt conveyed the said land to one Albert Rathbone, who thereafter, on the 11th day of November, 1895, conveyed the said land to Jennie R. Comstock. Thereafter on the 22d day of June, 1909, the said Jennie R. Comstock, as Jennie B. Rathbone, conveyed the said lands by quitclaim deed, for the express consideration of one dollar, to the defendant Cowie; and Cowie thereafter conveyed said land to Zolnowsky, who conveyed to the defendant Potter.

It also appears from the record that the assignment of said mortgage from said Lombard Investment Company to the said Security Trust & Safe Deposit Company was irregular and defective so as to constitute said assignment an instrument not entitled to be recorded under the laws of this state, and which fact rendered the said mortgage foreclosure sale irregular and with no legal force or effect. It also appears that the said Jennie R. Comstock, nee Rathbone, the owner of the legal title to said lands at the time of the said mortgage foreclosure sale, acquiesced in and made no objection to said sale, and surrendered and permitted the possession of said mortgaged lands to be taken by said purchaser at said foreclosure sale, and also permitted without objection the said Harker to take actual possession of said lands in February, 1900; and also permitted said Harker thereafter for the period of about nine years to remain continually in actual possession of said lands and make valuable and permanent improvements thereon. The said owner of the legal title also abandoned the payment of taxes on said land in the year 1901, and permitted without question the said Harker to pay taxes thereon for more than nine years thereafter. On the 20th day of February, 1901, the said Joseph Harker paid the taxes on said land for the year 1900, and thereafter each and every year paid said taxes up to and including the taxes for the year 1910; the taxes for 1910 being paid by him on the 28th day of February, 1911, and being and constituting the payment of taxes for eleven successive years. After acquiring legal title, the said Cowie, on the 27th day of September, 1909, commenced an action in the

circuit court against said Joseph Harker under the provisions of chapter 81, Laws 1905, to determine all adverse claims to said land, and to quiet title thereto in said Cowie, and on the 6th day of November, 1909, judgment was rendered by default in said action in favor of said Cowie, quieting title in him, and which judgment was filed and entered in the office of the clerk of the circuit court on the 7th day of December, 1909.

Thereafter, in 1911, this action was instituted by Joseph Harker, against the said Cowie and Potter: First, to cancel and set aside the said default judgment in Cowie v. Harker, on the ground that no process or summons in said action had ever been served upon him, and that by reason thereof the court acquired no jurisdiction to render said default judgment; and, second, to determine adverse claims to title, and to quiet title in him, the said Harker. Also, on the 12th day of October, 1911, the said Joseph Harker, as defendant in the said action of Cowie v. Harker, served notice of motion to open and set aside the said default judgment in Cowie v. Harker, and to permit said Harker to appear and answer in said action, and which motion was granted, and an order was duly made on the 29th day of January, 1912, setting aside the said default judgment theretofore entered in said case, and permitting the said Harker to interpose an answer to the cause of action therein alleged, from which order, setting aside said default judgment, appeal was taken by said Cowie to this court, and the said order affirmed. 32 S. D. 516, 143 N. W. 895. Thereafter, this action of Harker v. Cowie and Potter was tried in the circuit court, and findings and judgment rendered in favor of the defendant Potter, based on the ground that Potter was an innocent good-faith purchaser of said land without notice of the alleged interest claimed in said lands by Harker. From which judgment the said Harker appealed to this court, with the result that the judgment of the circuit court was reversed, and the cause remanded for new trial, upon the ground that said Potter was not an innocent purchaser in good faith without notice; the record in that case showing that he had notice of the actual possession of Harker under circumstances putting him upon inquiry as to the rights of Harker. 38 S. D. 385, 161 N. W. 620. The cause was again retried and is now before this court on the second appeal.

On this appeal four principal questions are submitted for determination: (1) That the trial court on the 29th day of January, 1912, had no jurisdiction under section 9, c. 81, Laws 1905, to vacate and set aside said default judgment in the case of Cowie v. Harker on the ground that more than two years had then elapsed since the entry of said default judgment; (2) that defendant Potter and Zolnowsky, his predecessor in interest, were not bound by the procedure in the Cowie v. Harker Case; (3) that the court erred in refusing to find that Zolnowsky was an innocent purchaser in good faith without notice; and (4) that the finding of the trial court that Harker, in good faith under color of title, had paid for more than ten years immediately preceding the commencement of this action all taxes assessed against the said land, was not sustained by the evidence.

[1]   The first contention of appellant is that the default judgment in Cowie v. Harker having been entered on the 7th day of December, 1909, the trial court was wholly without power or jurisdiction to vacate the same on the 29th day of January, 1912, more than two years after such entry; while, on the other hand, the respondents contend that the defendants Cowie and Potter are both estopped in this case by the decision of this court in Cowie v. Harker, 32 S. D. 516, 143 N. W. 895—that such decision became the conclusive law of this case as against Cowie, and all other parties in privity with him. We are of the opinion that respondents are right in this contention. Under the provisions of section 151, Code Civ. Proc., now section 2378, Rev. Code 1919, providing that the court may in its discretion at any time within one year after notice thereof relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, Harker moved to vacate said judgment on the grounds: First, that no service of summons had been made upon him; second, excusable neglect. Cowie resisted this motion to vacate on the ground that Harker's application was too late because more than one year had elapsed since he had notice of such judgment, and that no sufficient showing of excusable neglect was made by him. It was evident that the trial court based the order vacating said judgment on the ground of excusable neglect. The action of Cowie v. Harker was to determine adverse claims to real estate under chapter 81, Laws of

1905. Section 9 of said chapter 81 provides that the court may in its discretion at any time within two years after the entry of judgment relieve a defendant from a judgment on the ground of excusable neglect. Cowie did not interpose the provisions of that section as a defense or bar to Harker's motion, and the decision of this court in that case was based wholly on the provisions of said section 151. Cowie might have interposed, if he so desired, the provisions of said section 9 as a defense or bar to the Harker motion, and, not having done so, we are of the view that the ruling or judgment on said motion became conclusive as to all matters that might properly have been included therein. Herman on Estop. & Res Judicata, 133; Black on Judgments, § 614; Freeman on Judgment, § 325. Cowie not only did not interpose the provisions of said section 9 as a bar to said motion, but he took the affirmative position that said section 9 did not apply to said motion, that said section 9 only applied in case where defendant had been served by publication, while in this case Cowie claimed that Harker had been personally served with process. The defendant Cowie also took the affirmative position on said motion that Harker's right to have said default vacated must be found under said section 151.

Under these circumstances, we are of the opinion that Cowie is concluded and estopped by the judgment vacating and opening the default in Cowie v. Harker, and as stated in the opinion in Harker v. Cowie, 38 S. D. 385, 161 N. W. 620, "The action of Cowie v. Harker is still pending." We are also of the opinion that the defendant Potter is also concluded and estopped by the judgment vacating the default in Cowie v. Harker, as being in privity under Cowie. Black on Judgments, § 449; Freeman on Judgements, § 162. The defendant Potter succeeded to the rights of Cowie in the real estate, the subject-matter of this action, after the commencement of the action of Cowie v. Harker, and while that action was pending, and under circumstances putting him upon inquiry as to the rights of Harker. Having taken the position and tried out to final determination the motion to vacate the default judgment on the ground that section 151 only applied, in equity and good conscience, Cowie should not now be permitted to say that the court

had not jurisdiction or power to vacate the default under the provisions of said section 9.

[2] It is also contended that defendants, neither Cowie nor Potter, could by consent give the court jurisdiction to vacate said default after the expiraton of two years from the entry of said judgment. Under the provisions of section 9, the court was authorized to vacate such a judgment at any time within two years after the entry thereof. The default judgment in question was entered on December 7, 1909, and the two years' time limit expired on the 7th day of December, 1911. The record discloses that on the 12th day of October, 1911, Harker served notice of said motion to vacate said default upon the attorneys of record for Cowie, setting the date for hearing of said motion on the 30th day of October, 1911, at which time said motion was heard, both parties being present presenting affidavits pro and con, and decision taken under advisement and retained in the hands of the trial court until the 29th day of January, 1912. It therefore appears that the court regularly acquired jurisdiction of the subject-matter and parties within the said two years' time limit, and had jurisdiction and power to vacate said judgment on the 30th day of October, 1911. The court having regularly acquired jurisdiction of the parties and subject-matter for the purposes of said motion, the failure to render judgment on said motion prior to the expiration of the two years' time limit was an irregular exercise of jurisdiction already acquired, which could only be corrected on appeal, rather than a lack of jurisdiction. 15 C. J. 729. In Calhoun v. Bryant, 28 S. D. 266, 133 N. W. 266, this court in effect held that, where the court had jurisdiction of the parties and subject-matter, the parties could waive and be estopped by an order which it was conceded the court had no power to make. In the case at bar the appellant acquiesced in the irregular exercise of jurisdiction by the trial court by appealing to this court from the order of vacation on grounds other than that the court had no jurisdiction by virtue of the provisions of said section 9, and is therefore bound by the decision on such appeal. All the defendant Cowie consented to was the irregular exercise of a jurisdiction which the court had already regularly acquired.

[3] There is also another ground on which the order vacat-

ing the default in Cowie v. Harker should be sustained. Harker had done and performed every act and everything entitling him to an order of vacation of said default judgment within the time allowed by said section 9, and it was not by reason of any fault, neglect, or delay on his part that the order of vacation was not made prior to the expiration of the two years. Harker had no legal remedy or recourse against the trial court. Under these circumstances, we are of the view that the time of the making of the order of vacation of default should relate back and be held to have been made as of the date of October 30, 1911, at the time when the motion was submitted and the trial court took the matter of the decision under advisement. 23 Cyc. 842; Todd v. Todd, 7 S. D. 174, 63 N. W. 777.

[4] The contention is also made that the trial court erred in refusing to find that Zolnowsky, Potter's immediate grantor, was an innocent purchaser in good faith without notice. The record discloses that Harker was in actual, notorious, and visible possession of said land, and had been so in possession for some nine years prior to the time the said land was conveyed to Zolnowsky. Harker did not actually reside on this land, but he had broken up, plowed, and caused to be raised on said lands about 100 acres of crop, consisting of grains, each year. Where lands are cultivated and in crops at the time of transfer of title, it is the duty of the purchaser to ascertain or make inquiry as to what interest the croppers had in such lands. Such actual possession of land, evidenced by the cultivation and growing of crops thereon, is notice to the world of the equities of such claimant to ownership. Betts v. Letcher, 1 S. D. 182, 46 N. W. 193; Bliss v. Waterbury, 27 S. D. 429, 131 N. W. 731; Huffman v. Cooley, 28 S. D. 475, 134 N. W. 49; Harker v. Cowie, 38 S. D. 385, 161 N. W. 620.

[5] Defendant also contends that the finding of the trial court that Harker in good faith under color of title paid all taxes assessed and levied against said land for more than ten years immediately preceding the commencement of this action is not sustained by the evidence. This action was instituted in December, 1911. The record in this case shows that Harker took possession of the land in question in February, 1900, and on the 20th day of February, 1901, paid the taxes assessed and

levied on said land for the year 1900, and paid all taxes each and every successive year thereafter, including the year 1910, the payment of the taxes for the year 1910 having been made by him on the 28th day of February, 1911; thus constituting the payment of taxes in good faith under color of title for eleven successive years next before the commencement of this action. The mere fact that Harker acquired notice that other persons were claiming title to this land by means of suits or otherwise would not stop or toll the running of the said statute of limitations for the purposes of this action. Under the circumstances of this action, the said action of Cowie v. Harker could not toll the operation of the statute of limitations under section 54, Code Civ. Proc., now section 2291, Rev. Code 1919. The action of Cowie v. Harker was commenced prior to the running of this statute, and said statute of limitations would not have been a defense or bar in that action in favor of Harker, but the judgment in that action has been vacated, and the action is still pending and undetermined, and the pendency of that action has not been pleaded as a bar or defense in this action. This court suggested, in Harker v. Cowie, 38 S. D. 385, 161 N. W. 620, that an amendment might be made pleading the pendency of the former action, which would have the effect of consolidating the two actions. But no such amendment has been made. In view of the finding of the trial court in *this* action that the owner of the legal title, at the time of the foreclosure sale under which Harker claims color of title, abandoned the payment of taxes thereon, surrendered possession thereof to the purchaser under said foreclosure sale, and made no objections thereto, but acquiesced therein for a period of nine years, and during which time Harker made valuable and permanent improvements thereon, the *commencement of the former action* before the running of the ten years' statute of limitations would be unavailing in favor of Cowie, as the laches of the prior owner from whom he acquired title would work another estoppel in favor of Harker under the rule announced in Shelby v. Bowden, 16 S. D. 546, 94 N. W. 416; Farr v. Semmler, 24 S. D. 297, 123 N. W. 835; Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495. We are of the view that the finding of the court as to ten years' payment of taxes is sustained by the evidence.

·Finding no error in the record, the judgment and order appealed from are affirmed.

·SMITH, P. ·J.   I adhere to the view expressed in the dissenting opinion in this case in 38 S. D. 391, 161 N. W. 620.