[File No. 6952]

AGRICULTURAL CREDIT CORPORATION, a Corporation, Respondent, v. STATE OF NORTH DAKOTA, Appellant.

(20 NW2d 78)

Opinion filed October 5, 1945

*Alvin C. Strutz,* Attorney General, and *P. G. Garberg,* Assistant Attorney General, for appellant.

*Sinness & Duffy,* for respondent.

NUESSLE, J. This action to determine adverse claims was brought pursuant to the statute, § 8144, Comp Laws 1913 (§ 32-1701, Rev Code 1943). The complaint alleges that the plaintiff has an interest in the Northeast Quarter of section twenty-four, township one hundred fifty-four, range fifty-nine, in Nelson County, North Dakota; that the defendant claims interests or estates therein adverse to the plaintiff and demands judgment for the usual statutory relief.

The defendant, answering, denies that the plaintiff has any interest in or lien upon the premises in question and alleges that if it has, the same is subject and inferior to the interest of the defendant therein. The answer further sets forth that the defendant, the State of North Dakota, doing business as the Workmen's Compensation Bureau, pursuant to the provisions of Title 65, 1943 Revised Code, on October 10, 1938, procured a judgment against the Gronna Investment Company, a domestic corporation; that an execution was issued upon such judgment and a levy made thereunder upon the real estate in question; that the land was sold at execution sale and bid in by the defendant; that a sheriff's certificate therefor was issued to the defendant on September 17, 1942, and the sale thereafter duly confirmed; that no redemption has been made therefrom and the defendant is entitled to a sheriff's deed therefor.

On the issues thus made the case was tried to the court and judgment was ordered and entered for the plaintiff. Whereupon the defendant perfected the instant appeal demanding a trial de novo in this court.

The facts are substantially as follows: The Gronna Investment Company, a domestic corporation, owned numerous tracts of North Dakota farm land, including that involved in the instant case. It was engaged in leasing these lands and in various commercial enterprises. In 1930, the investment company borrowed a considerable sum of money from the plaintiff and secured the loan thus made by a mortgage upon the real estate here involved. It made a further loan in 1931, and secured its whole indebtedness by a renewal mortgage covering the same property. The indebtedness was not paid. The plaintiff pressed for payment so in May, 1938, a settlement and adjustment was agreed upon whereby the company, in satisfaction of its indebtedness, was to deed the real estate here involved and certain other real property to the plaintiff and to assign to it the leases covering such of the real estate as was rented. Pursuant to this agreement the investment company on August 30, 1938, executed a deed to the property and delivered the same to the plaintiff. Due, however, to the fact there were unpaid taxes against the property the deed was not placed of record until April 2, 1943. There were no buildings on this tract but the investment company had leased it to one Hodek, who occupied and farmed it during the season of 1938 on a share-crop basis. Pursuant to the settlement agreement Hodek delivered and the plaintiff received the landlord's share of the crop for that year in September 1938.

The investment company in carrying on its operations employed various individuals for whom it was charged with Workmen's Compensation premiums according to the classifications of these employees. These charges were made for the years 1932 and thereafter each year, up to and including the year 1938. The company, however, failed to pay these premiums so in June, 1938, the State sued to recover the amount thereof, together with penalties for the defaults in payment and recovered

judgment which was entered and docketed in the office of the Clerk of District Court of Nelson County on October 10, 1938. In 1942 an execution was issued on this judgment and levy thereunder was made upon the real estate in question. This was sold under the execution on September 8, 1942, and bid in by the defendant. Sheriff's certificate was issued on September 17 and the sale was duly confirmed. No redemption was made and the defendant now claims the premises by virtue of this certificate.

The defendant's case is predicated upon two contentions: First, that the deed executed and delivered to the plaintiff by the investment company on August 30, 1938, is void and ineffective as against the lien of the defendant's judgment and rights accruing therefrom for the reason it was not placed of record prior to the entry and docketing of the judgment and, Second, that the mortgages on the premises executed by the investment company to the plaintiff in 1930 and 1931 are inferior to the lien of the defendant's judgment, pursuant to the provisions of chapter 315, Session Laws 1931 (§ 65–0426, 1943 Rev Code) since this judgment was for premiums due to the Compensation Bureau from the investment company for the insurance of its employees.

On the other hand, the plaintiff contends, and the trial court so held, that the deed to the premises in question, executed and delivered to it on August 30, 1938, was for a good and sufficient consideration, that the defendant was in possession and occupancy of the premises under and by virtue of the deed from and after the date of its delivery, and that defendant was charged with notice thereof through the occupancy and possession of its tenant Hodek. Plaintiff further contends that if this be not so, nevertheless, its mortgages above described are superior to the lien of the defendant's judgment notwithstanding the provisions of § 65–0426, supra. And in this behalf it cites Federal Farm Mortg. Corp. v. Berzel, 69 ND 760, 291 NW 550.

In passing on the questions raised by the defendant's first contention it will be necessary for us to consider the following sections of the statute:

Section 7691, Comp Laws 1913 (see, Rev Code 1943, § 26–2013): "On filing a judgment roll upon a judgment directing in whole or in part the payment of money, it may be docketed with the clerk of the court, in which it was rendered, in a book to be known as the judgment docket, and in any other county upon filing with the clerk of the district court for said county a transcript of the original docket, and it shall be a lien on all the real property except the homestead in the county where the same is so docketed of every person against whom any such judgment shall be rendered, which he may have at the time of the docketing thereof in the county in which such real property is situated . . . ."

.Section 5594, Comp Laws 1913 (see, § 47–1941, Rev Code 1943): "Every conveyance by deed, mortgage or otherwise of real estate within this state, shall be recorded in the office of the register of deeds of the county where such real estate is situated, and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any part or portion thereof, whose conveyance, whether in the form of a warranty deed or deed of bargain and sale, deed of quitclaim and release, of the form in common use or otherwise, is first duly recorded; or as against any attachment levied thereon or any judgment lawfully obtained, at the suit of any party, against the person in whose name the title to such land appears of record, prior to the recording of such conveyance. . . ."

Thus § 7691, supra, provides when and upon what real property of the judgment debtor the lien of a judgment shall attach. And, as said in McCoy v. Davis, 38 ND 328, 164 NW 951, § 5594, supra, "clearly places judgments on (a) par with deeds and mortgages. It makes every unrecorded conveyance by 'deed, mortgage, or otherwise' void as against the lien of a judgment lawfully obtained and docketed against the record owner by a judgment creditor who has no actual knowledge or notice of the unrecorded conveyance. And title based upon a sale legally held under an execution issued upon such judgment is valid as against an unrecorded deed of which the judgment creditor and

purchaser had no notice. Not only do the plain words of the statute say so, but this court has several times declared that to be the meaning and effect of the statute. See, Enderlin Invest. Co. v. Nordhagen, 18 ND 517, 123 NW 390; Nordhagen v. Enderlin Invest. Co. 21 ND 25, 129 NW 1024; Ildvedsen v. First State Bank, 24 ND 227, 139 NW 105; Nott v. Holbrook, 28 ND 251, 148 NW 1061." And in Ildvedsen v. First State Bank, 24 ND 227, 139 NW 105, supra, we said:

"It being a conceded fact in the case that defendant had no actual notice of such unrecorded deed or prior to its levy and sale, we are required to determine whether it had constructive notice thereof by virtue of plaintiff's possession of the property. If defendant made its levy and docketed its judgment in good faith and without any notice, actual or constructive, of such unrecorded deed, then it is clear under the provisions of section 5038, Rev Code 1905 (§ 5594, Comp Laws 1913) that it acquired rights in the premises superior to any rights acquired by plaintiff under such deed. Section 5038 provides that every 'conveyance not so recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate or any part or portion thereof, whose conveyance . . . is first duly recorded; or as against . . . any judgment lawfully obtained, at the suit of any party, against the person in whose name the title to such land appears of record, prior to the recording of such conveyance.' The amendment to this statute as adopted by chapter 152, Laws 1903, was borrowed from our sister state of Minnesota; and the supreme court of that state had, prior thereto, placed a construction upon such statute in numerous cases, holding that the words, 'in good faith' not only applies to subsequent purchasers, but also to attachment and judgment creditors."

In the instant case the deed from the investment company to the land involved was executed and delivered to the plaintiff on August 30, 1938. The defendant's judgment was entered and docketed on October 10, 1938, and the land was sold under execution issued on it on September 8, 1942. Section 7290, Comp

Laws 1913 (§ 1–0125, Rev Code 1943) provides "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself." So one who has knowledge of facts sufficient to put a prudent man upon inquiry with regard to the existence of an unrecorded deed and fails to make such inquiry cannot claim protection as a bona fide purchaser under the recording act. See, Doran v. Dazey, 5 ND 167, 64 NW 1023, 57 Am St Rep 550; Hunter v. Coe, 12 ND 505, 97 NW 869; Harry E. McHugh, Inc. v. Haley, 61 ND 359, 237 NW 835. And we have held time and again that open and notorious possession and occupancy of real property by another than his grantor, is sufficient to charge a purchaser of real estate with knowledge of the rights of the occupant thereof. See, Earnest v. First Nat. Bank, 56 ND 309, 217 NW 169; Red River Valley Land & Invest. Co. v. Smith, 7 ND 236, 74 NW 194; O'Toole v. Omlie, 8 ND 444, 79 NW 849; Dickson v. Dows, 11 ND 407, 92 NW 798; Hedlin v. Lee, 21 ND 495, 131 NW 390; Krause v. Krause, 30 ND 54, 151 NW 991. These holdings are in accord with the great current of authority. See, Niles v. Cooper, 98 Minn 39, 107 NW 744, 13 LRA(NS) 49; Garbutt v. Mayo, 128 Ga 269, 57 SE 495, 13 LRA(NS) 58, and cases cited in notes; Harker v. Cowie, 42 SD 159, 173 NW 722; Webb, Record of Title, ¶¶ 215 et seq.

In the instant case the property in question was farm land. It was rented and farmed by Hodek, the plaintiff's tenant. Land which is farmed by a tenant under lease from the owner is in possession of the owner. Gray v. Harvey, 17 ND 1, 113 NW 1034. It is true that Hodek was the investment company's tenant and, as such, was occupying and using the land at the time the investment company executed and delivered its deed to the plaintiff. But pursuant to the agreement between the investment company and the plaintiff the lease was assigned to the plaintiff. Hodek was informed of this fact and in September 1938, prior to the time when defendant's judgment was

docketed, delivered to the plaintiff as his landlord the landlord's share of that year's crop. Thus the issue is narrowed down to the question as to whether the facts and circumstances as shown in this record were such as to have put a prudent man on inquiry as to the ownership of the land involved. The trial court held that they were and accordingly the lien of the judgment was inferior to the rights of the plaintiff under its unrecorded deed. We think that this holding was correct. It is true, as we said in Earnest v. First Nat. Bank, 56 ND 309, 217 NW 169, supra, the rule that open and notorious possession and occupancy of real property by another than his grantor is sufficient to charge a purchaser of real estate with knowledge of the rights of the occupant thereof is subject to exceptions. See, also, Red River Valley Land & Invest. Co. v. Smith, 7 ND 236, 74 NW 194, supra. But we are of the opinion that the facts in the instant case are not such as to bring it within any exception. Here, though there were no buildings on the land, it was used and occupied by the plaintiff's tenant. A substantial portion of it was tilled and cropped by him. Reasonable inquiry would have revealed who the tenant was and who his lessor was. There is nothing in the record to indicate the defendant knew at the time the judgment was rendered and docketed that the record title to the land was in the investment company or that there was any possession and occupancy of the premises by Hodek or anyone else. Rather, the plain inference is to the contrary. Naturally there was no inquiry. So far as this land is concerned, the entering and docketing of the judgment was a "shot in the dark" by the defendant. And the defendant could not have been misled by reason of the fact that there was a change of ownership and that Hodek was the tenant, first of the investment company and later of the plaintiff. It is clear to us, under the circumstances disclosed, the plaintiff may rely upon the rule of notice by reason of occupancy and it is thus immaterial that its deed was not of record at the time the judgment was docketed or later when the levy was made and the property was sold at execution sale.

What we have said above is determinative of this appeal. Ac-

cordingly, we refrain from a consideration of the other issues raised.

The judgment of the district court is affirmed.

CHRISTIANSON, Ch. J., and BURKE, MORRIS and BURR, JJ., concur.