Filed 1/27/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 7

Guy S. Erway, Joyce Erway,

Erway Broadcasting Corporation,

and KACL Radio,                          Plaintiffs and Appellees

       v.                                

                        

Stanley T. Deck,                                        Defendant

      and

June D. Deck,                            Intervenor and Appellant

Civil No. 980164 

Appeal from the District Court for Stark County, Southwest Judicial District, the Honorable Maurice R. Hunke, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Sandstrom, Justice.

David F. Senn, of Senn Law Office, P.O. Box 1134, Dickinson, N.D. 58602-1134, for plaintiffs and appellees.

Charles L. Neff, of Neff, Cresap, Eiken & Irigoin, Drawer 1526, Williston, N.D. 58802-1526, for intervenor and appellant.

Erway, et al. v. Deck

Civil No. 980164

Sandstrom, Justice.

[¶1] June D. Deck appealed from a judgment allowing Guy S. Erway, Joyce Erway, Erway Broadcasting Corporation, and KACL Radio (Erways) to levy on real property in Stark County.  We hold the Erways had constructive notice June Deck owned the Stark County land under a prior unrecorded deed, and the Erways’ judgment lien is subordinate to the prior deed.  We reverse the judgment and remand for dismissal of the levy.

I

[¶2] Under a stipulated settlement agreement, Stanley and June Deck were divorced by a 1984 California decree, awarding June Deck all of the parties’ real property in Montana and North Dakota.  A California grant deed, dated July 24, 1984, transferred Stanley Deck’s interest in Stark County real property to June Deck.  The grant deed was not notarized until September 25, 1997, or recorded in Stark County until September 26, 1997.  

[¶3] Meanwhile, the Erways obtained a $139,474.65 judgment against Stanley Deck in California, and they filed their judgment in Stark County on May 30, 1991.  On September 16, 1997, the clerk of the district court for Stark County issued an execution on the foreign judgment, and the Stark County Sheriff levied on Stanley Deck’s record interest in the Stark County real property.  When June Deck objected to the levy, the sheriff petitioned the district court for an extension of time to return the execution and deposited with the court the property levied upon by the writ of execution.  June Deck moved to dismiss the levy.

[¶4] The district court ruled the Erways did not have actual or constructive knowledge of the unrecorded grant deed before filing their money judgment in Stark County in 1991.  The court said the facts and circumstances known by the Erways were not sufficient to put a prudent person on inquiry about Stanley Deck’s transfer of the Stark County land to June Deck, and the Erways were not deemed to have actual notice of the unrecorded grant deed.  The court specifically expressed its concern with the continued integrity and protection of the recording statutes, and concluded the Erways were entitled to pursue the levy and sale of Stanley Deck’s record interest in the property.  June Deck appealed.

[¶5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27-05-06 and 28-21-05.  June Deck’s appeal is timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. § 28-

27-01.

II

[¶6] June Deck contends the Erways received a copy of the Decks’ 1984 divorce decree and settlement agreement during Stanley Deck’s 1987 bankruptcy proceeding in California.  She contends the Erways’ knowledge the divorce decree and settlement agreement granted her all of Stanley Deck’s real property in North Dakota was sufficient to put a prudent person on inquiry about her interest in the Stark County land.  She argues the Erways should be deemed to have had constructive notice of the grant deed.

A

[¶7] The filing of a foreign money judgment in a county where the judgment debtor has an interest in real property is a lien on the judgment debtor’s interest in the real property.  
See
 N.D.C.C. §§ 28-20-13 and 28-20.1-02.  The Erways therefore had a judgment lien on Stanley Deck’s interest in the Stark County real property on May 30, 1991, and the issue is whether their judgment lien had priority over the unrecorded grant deed conveying Stanley Deck’s interest in the Stark County real property to June Deck.

[¶8] Under N.D.C.C. § 47-19-41, unrecorded real estate conveyances are void against any subsequent good faith purchaser for valuable consideration, or against an attachment levied on the land or any judgment lawfully obtained against the record title holder before the conveyance was recorded.  An unrecorded instrument is valid between the parties to the instrument and those with notice.  N.D.C.C. § 47-19-46.

[¶9] In 
Agricultural Credit Corp. v. State
, 74 N.D. 71, 76-77, 20 N.W.2d 78, 80 (1945), citing 
McCoy v. Davis
, 38 N.D. 328, 164 N.W. 951, 952 (1917), this Court said the predecessor to N.D.C.C. § 47-19-41:

“clearly places judgments on (a) par with deeds and mortgages.  It makes every unrecorded conveyance ’by deed, mortgage, or otherwise’ void as against the lien of a judgment lawfully obtained and docketed against the record owner, by a judgment creditor who has no actual knowledge or notice of the unrecorded conveyance; and title based upon a sale legally held under an execution issued upon such judgment is valid as against an unrecorded deed of which the judgment creditor and purchaser had no notice.  Not only do the plain words of the statute say so, but this court has several times declared that to be the meaning and effect of the statute.”

In 
Agricultural Credit
, 20 N.W.2d at 80, this Court cited 
Ildvedsen v. First State Bank
, 24 N.D. 227, 139 N.W. 105, 107 (1912), for the principle a judgment creditor’s constructive notice of a prior unrecorded conveyance renders a lien created by the filing of the judgment inferior to the grantee’s rights under the unrecorded deed.  In 
Agricultural Credit
, 20 N.W.2d at 81-82, this Court held the judgment creditor had constructive notice of a prior unrecorded conveyance, and, therefore, the creditor’s judgment lien was inferior to the grantee’s rights under the unrecorded deed.

[¶10] North Dakota law unequivocally recognizes a person who has actual notice of facts sufficient to put a prudent person on inquiry about a particular fact, but who omits to inquire with reasonable diligence, is deemed to have constructive notice of the facts an inquiry would have revealed.  N.D.C.C. § 1-01-25.  
See
 
Diocese of Bismarck Trust v. Ramada Inn
, 553 N.W.2d 760, 768 (N.D. 1996); 
Williston Co-op. Credit Union v. Fossum
, 427 N.W.2d 804, 807 (N.D. 1988); 
Nygaard v. Robinson
, 341 N.W.2d 349, 355-56 (N.D. 1983); 
Earth Builders, Inc. v. State
, 325 N.W.2d 258, 260 (N.D. 1982); 
Burlington Northern, Inc. v. Hall
, 322 N.W.2d 233, 242 (N.D. 1982); 
Hunt Trust Estate v. Kiker
, 269 N.W.2d 377, 381 (N.D. 1978); 
Putnam v. Dickinson
, 142 N.W.2d 111, 122 (N.D. 1966); 
City of Bismarck v. Casey
, 77 N.D. 295, 43 N.W.2d 372, 379  (1950); 
Agricultural Credit
, 20 N.W.2d at 81-82; 
Pierce Twp. v. Ernie
, 74 N.D. 16, 19 N.W.2d 755, 758 (1945); 
Harry E. McHugh, Inc. v. Haley
, 61 N.D. 359, 237 N.W. 835, 838-39 (1931); 
McCoy
, 164 N.W. at 952; 
Ildvedsen
, 139 N.W. at 107.  We recognize the application of constructive notice and the duty of inquiry provide some uncertainty to the sanctity of record title.  We decline, however, the district court’s invitation to revisit substantial precedent applying constructive notice to our recording statutes, and we reaffirm that principle.

[¶11] Notice is ordinarily a question of fact.  
Fossum
, 427 N.W.2d at 807.  The determination whether a subsequent purchaser acted in good faith without constructive notice of a prior interest is a mixed question of fact and law, and is fully reviewable.  
See
 
Diocese of Bismarck Trust
, 553 N.W.2d at 768; 
Earth Builders
, 325 N.W.2d at 259.  In 
Diocese of Bismarck Trust
, 553 N.W.2d at 768 (citation omitted), we explained:

The factual circumstances relating to events surrounding the transaction—the realities disclosed by the evidence as distinguished from their legal effect—constitute the findings of fact necessary to determine whether a party has attained the status of a good faith purchaser without notice. . . .  A court’s ultimate determination that a party is not a good faith purchaser for value is a conclusion of law, because that determination describes the legal effect of the underlying factual circumstances.

In 
Diocese of Bismarck Trust
, 553 N.W.2d at 769, we concluded there were disputed factual issues about whether a party had notice of facts which would trigger the duty of further inquiry.  
See
 
Fossum
, 427 N.W.2d at 807 (holding disputed issue of fact existed as to whether judgment lienor had actual knowledge grantees under prior unrecorded conveyance were occupying property on date of judgment).

[¶12] Here, the trial court found the Erways became aware in 1987 of the divorce settlement agreement transferring Stanley Deck’s interest in North Dakota real property to June Deck.  The Erways do not dispute they received a copy of the 1984 divorce decree during Stanley Deck’s 1987 bankruptcy proceeding in California.  Although the settlement agreement and divorce decree’s award of all of Stanley Deck’s North Dakota real property to June Deck may not have been adequate to transfer an interest in real property to her, 
see
 
Radspinner v. Charlesworth
, 369 N.W.2d 109, 114 (N.D. 1985), the agreement and decree provided the Erways with actual notice sufficient to provoke a prudent person to make further inquiry about the nature of June Deck’s interest in the Stark County land.  When the Erways filed their money judgment in Stark County, they had constructive notice of the facts an inquiry would have revealed, including the unrecorded grant deed.  The Erways’ judgment lien therefore is subordinate to June Deck’s prior unrecorded deed.

B

[¶13] We also conclude June Deck’s failure to record the 1984 grant deed until 1997 does not estop her from claiming title to the property.  In 
Burlington Northern
, 322 N.W.2d at 239-40, 242, we rejected similar estoppel and laches arguments.  Under this Court’s reasoning in 
Burlington Northern
, June Deck is not barred by estoppel or laches from asserting ownership of the property, because the Erways were not destitute of all knowledge of the true state of the title and they had a means of acquiring knowledge about title to the property.

III

[¶14] June Deck also requests reasonable attorney fees incurred in this proceeding.  Attorney fees are not allowed to a successful litigant unless expressly authorized by statute or agreement.  
Olson v. Fraase
, 421 N.W.2d 820, 828-29 (N.D. 1988).  June Deck has cited no statutory authority or agreement supporting her request for attorney fees, and we deny it. 

IV

[¶15] We reverse the judgment and remand for dismissal of the levy on the Stark County land.

[¶16] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.