Rogers et al. *v.* Wiley.

---

Daniel Rogers et al., Plaintiffs in Error, *v.* Aquilla C. Wiley, Defendant in Error.

ERROR TO MONTGOMERY.

To take a case out of the registry acts, so as to defeat the title of a subsequent purchaser who first places his deed upon record, on the ground that he had actual notice of a prior unrecorded deed of the same premises, the proof of such notice must be clear and positive, so as to leave no reasonable doubt that the taking of the second deed was an act of bad faith towards the first purchaser.

Wiley filed his bill, alleging that on the 23d day of March, a. d. 1848, Levi Rogers, being seized of certain lands, and being indebted to Wiley, executed a mortgage to secure the payment of such indebtedness which became due on the 23d of the following September; that the mortgage was duly acknowledged and recorded on the said 23d day of March. That one

Daniel Rogers, who was made a party to the bill, combining with Levi Rogers, pretends that he is seized in fee of the mortgaged premises, and that Levi Rogers had no title to the premises at the time of the executing of the mortgage, which fact is denied. A foreclosure was prayed for. Daniel Rogers filed a separate answer, stating his ignorance of the indebtedness of Levi Rogers to Wiley, but admitting the execution and record of the mortgage. Denies that Levi Rogers had any interest, right, or title to the land mortgaged; that said land was at the time, and long before the executing of the mortgage the property of Daniel Rogers; that Daniel Rogers purchased the said land of Levi Rogers on the 25th of January, A. D. 1847, for a valuable consideration, and that Levi Rogers and wife on that day executed a conveyance, which was acknowledged on the 30th day of June, 1847, and recorded on the 10th day of June, 1848. That Wiley had due notice of the making and executing and delivering of this conveyance from Levi Rogers to Daniel Rogers, and that with full knowledge thereof, Wiley caused Levi Rogers to execute the mortgage. And that at the time of the execution of the mortgage from Levi Rogers to Wiley, the former was not indebted to the latter. The bill was taken for confessed as against Levi Rogers. A decree of foreclosure was entered in the circuit court of Montgomery county, and Daniel Rogers sued out this writ of error.

S. Breese, for plaintiffs in error.

E. Y. Rice, for defendant in error.

Trumbull, J. The statute makes void all deeds till filed for record, except as against creditors and subsequent purchasers with notice; unless, therefore, Wiley, at the time he took the mortgage from Levi A. Rogers, had notice of the prior unrecorded deed to Daniel Rogers, the decree of foreclosure must stand.

To take a case out of the registry acts, so as to defeat the title of a subsequent purchaser who first places his deed upon record, on the ground that he had actual notice of a prior unrecorded deed of the same premises, the proof of such notice should be clear and positive, so as to leave no reasonable doubt that the taking of the second conveyance was, under the circumstances, an act of bad faith towards the first purchaser.

The evidence in this case wholly fails to show that Wiley had such notice.

Hancock, the principal witness relied on to prove the notice,

states in substance, that in a conversation with Wiley some three weeks previous to the date of the mortgage, he informed him that Levi A. Rogers had mortgaged the land in controversy to the township; that he subsequently sold it to one Kingston, who executed his own mortgage to the township and satisfied the one executed by the said Levi; that Kingston afterwards sold the land to Daniel Rogers and then found that he had never received a deed from Levi; that Daniel directed him to get a deed from Levi directly to him, Daniel; that Levi afterwards bought the land back from Daniel; and that the deed from Levi to Daniel was to be burned or destroyed when Levi made a mortgage to the township.

Another witness, who was present at the same conversation, corroborates Hancock as to what was said about the various sales, but he heard nothing said about any deeds between any of the parties. This evidence, so far from showing that the land belonged to Daniel Rogers, proves that it really belonged to Levi A. Rogers.

The same source from which Wiley learned of the sale to Daniel, also informed him of the resale back to Levi, in whom was the legal title as shown by the records.

If Wiley heard and understood all that the witness, Hancock, says he told him, which is very uncertain, he was not bound to go to Daniel Rogers and inquire whether Levi had ever executed to him a deed in accordance with a direction which he had at one time given, when he learned from the same person who informed him of the direction that if complied with, the deed was to be cancelled. One witness testifies, that in a conversation with Wiley in the fall after the date of the mortgage, Wiley gave him to understand, that in the absence of the deed to get the certificate of acknowledgment fixed, he had got the mortgage recorded; but when interrogated, he says expressly that he did not know whether Wiley meant that when he got his mortgage recorded he knew of the deed, or whether he learned it afterwards. The other evidence in the record relied on to prove notice, is still more loose and unsatisfactory than that which has been referred to, and it falls far short of convincing the mind that Wiley took his mortgage with actual knowledge of a prior existing deed to Daniel Rogers.

*Decree affirmed.*