### FEDERMAN *v.* VAN ANTWERP.

1. Vendor and Purchaser—Recording—Notice—Presumptions—Burden of Proof.

 When subsequent purchaser of realty has his deed recorded first, presumption of good faith attaches and burden of proving bad faith or notice is upon first purchaser when he attacks such subsequent conveyance (3 Comp. Laws 1929, § 13304).

2. Same — Hearsay Notice of Adverse Interest — Subsequent Purchaser.

 Purchaser of vacant lot who unsuccessfully endeavored to communicate with plaintiff pursuant to notice by hearsay report of a third party that plaintiff had some interest in the property *held,* purchaser in good faith, where record supports finding of trial court that he had used full degree of prudence and caution required in investigating alleged adverse interest.

3. Specific Performance—Unrecorded Option—Breach of Contract—Damages.

 Optionee who failed to record option to purchase vacant lot *held,* not entitled to specific performance against subsequent purchaser in good faith although plaintiff might have right of action to damages for breach of contract against vendors.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 17, 1936. (Docket No. 132, Calendar No. 38,941.) Decided June 16, 1936.

Bill by Leo Federman against Virginia Van Antwerp, Harry J. Pelavin and wife, Abram Hoptman and others for specific performance of an option to purchase a vacant lot, for an injunction and other relief. Separate cross-bills by defendants Hoptman and Pelavin against other defendants and plaintiff. From decree denying specific performance, plaintiff appeals. Affirmed.

*Finkleston, Lovejoy & Kaplan* (*Jos. B. Beckenstein,* of counsel), for plaintiff.

*Ralph E. Routier,* for defendants Pelavin.

Toy, J. Plaintiff filed this bill seeking specific performance of an option to purchase a vacant lot located on Davison avenue in Detroit.

The option was in writing and was obtained by plaintiff from defendants Van Antwerp on November 28, 1934, at which time plaintiff, through his agent, one Schubiner, paid the Van Antwerps $25 on the purchase price of $1,250, it being agreed that a further payment of $75 would be made upon the execution of a formal land contract, and the balance of $1,150 within 60 days thereafter. The Van Antwerps agreed to furnish an abstract of the premises before the execution of the land contract, but did not deliver the abstract until January 28, 1935. The deal was never completed, for, on February 18, 1935, the Van Antwerps deeded the lot to defendants Pelavin, who paid therefor the sum of $1,429 and assumed unpaid taxes in the amount of $571.

Plaintiff claims that defendants Pelavin had notice of his option and interest in the property prior to their purchase of it, and that they are not *bona fide* purchasers thereof, and he seeks specific performance of his option from them.

He bases his contention upon the fact that one Hoptman, a prospective purchaser of the lot, who had been shown it by Schubiner, had informed Mr. Pelavin, prior to the purchase of the lot by the Pelavins, that a "Leo Federman" either owned the lot or had an interest therein.

The record shows that after Mr. Pelavin had received this information from Hoptman, he searched the telephone directory and found only one name of

"Leo Federman" therein, who lived on Fullerton avenue, and Pelavin phoned him asking if he had the property in question, and was informed by that particular Leo Federman that he had not. This Federman informed Pelavin that there was another "Leo Federman" living on Cortland avenue (Cortland avenue is a thickly populated street several miles in extent). Pelavin again referred to the telephone directory but found no such person listed. It appears that plaintiff resides on Cortland avenue, but that his name was not listed in the telephone directory; it also appears that plaintiff's name was listed in the city directory, but that Pelavin did not examine that volume, nor pursue the inquiry further, but engaged counsel who searched the records of the tract index department of Wayne county, as well as the tax records, but found no record of any title there appearing in the name of "Leo Federman." Plaintiff had not recorded his option.

The trial court in its decree found that the defendants Pelavin were purchasers in good faith and that they "used that full degree of prudence and caution which the law requires in investigating the asserted adverse interest of the plaintiff, and * * * did all that could be expected of a reasonably prudent and cautious man in investigating a hearsay statement communicated to him by a third person."

The decree denied specific performance. Plaintiff appeals.

Should specific performance be decreed? The answer to this question cannot be made without first determining whether the defendants Pelavin were *bona fide* purchasers of the lot.

It must be remembered that plaintiff did not record his option before the purchase of the lots by

the Pelavins, and the recording of their deed by them.

It is provided in 3 Comp. Laws 1929, § 13304:

"Every conveyance of real estate within the State hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded."

Pelavins' conveyance being first recorded, the presumption of good faith attaches, and the burden of proving "bad faith" or notice is upon the plaintiff. *Holly Lumber & Supply Co.* v. *Friedel,* 271 Mich. 425; *Shotwell* v. *Harrison,* 22 Mich. 410; *Larzelere* v. *Starkweather,* 38 Mich. 96.

Defendant Pelavin had no actual notice of plaintiff's option. He had, perhaps, sufficient indirect notice to put him on some inquiry.

" 'All that is required of a party who is put upon inquiry is good faith and reasonable care in following up the inquiry which the notice given him suggests.' " *Colonial Theatrical Enterprises* v. *Sage,* 255 Mich. 160 (quoting from 27 R. C. L. p. 712).

In *Larzelere* v. *Starkweather, supra,* this court said:

"A party is not bound to notice or investigate mere neighborhood or general rumor, whether true or not. *Butler* v. *Stevens,* 26 Me. 484."

The record discloses much testimony of the parties and their witnesses, contradictory one of the other, in regard to the good faith and care used by Pelavin in making inquiry. The chancellor heard

these witnesses testify, and, distinguishing between them, stated in his opinion that:

"Pelavin did not have notice from the claimant of the outstanding interest himself, but was merely told by a third person that such an interest existed. Even so, he did not ignore the hearsay report, but took immediate steps to ascertain its truth. No information was given to him which would identify the plaintiff with the alleged claimant to the title. There is no proof that Pelavin was informed of the plaintiff's address, business, age or description. The most that can be said is, that he was told that some person named Leo Federman had an interest in the property. * * * The court is convinced that the defendant Pelavin was a purchaser in good faith of the property here involved, and used that full degree of prudence and caution which the law requires in investigating the asserted adverse interest of the plaintiff."

After a careful examination of the record, we cannot find ourselves in disagreement with the trial judge in his determination.

Plaintiff may have a legal right to damages for breach of contract against the defendants Van Antwerp, but we find no equitable reason to decree specific performance against defendants Pelavin.

The decree of the circuit court in chancery is affirmed, with costs to defendants Pelavin.

North, C. J., and Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred. Potter, J., took no part in this decision.