### EAST ST. CROIX BEACH CLUB, INC., Plaintiff

v.

### CARIBE ISLE, INC., Defendant

Civil No. 360-1980

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

September 18, 1980

JAMES H. HINDELS, ESQ., St. Thomas, V.I., *for plaintiff*

BRITAIN H. BRYANT, Christiansted, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

Defendant has moved this Court for an Order:

1. discharging a notice of lis pendens recorded in the office of the Recorder of Deeds for the District of St. Croix at P.C. 283M, page 11, against Parcels 91, 92 and 93 Estate Green Cay, Christiansted, St. Croix; and

2. expunging letters similarly recorded at P.C. 273M, page 249 and affecting the same lands.

The motion will be granted as to the letters and denied as to the notice of lis pendens.

Plaintiff and defendant own adjoining properties. They are in dispute as to whether a right-of-way easement in favor of defendant's property, Plots 91, 92 and 93 Estate Green Cay, exists over the southern portion of plaintiff's property, Plot 21 Estate Green Cay.[1] Plaintiff has instituted an action to recover damages and to quiet title and has recorded notice of the pending action against defendant's property. Before institution of the suit, plaintiff also recorded against defendant's property, two letters written by plaintiff's attorney. One of the letters is addressed to the attorney for defendant's grantors and states plaintiff's position with respect to the dispute.[2] The other letter is addressed to the St. Croix Recorder of Deeds and directs that the first letter be recorded against defendant's property.[3]

Defendant first contends that the notice of lis pendens was not eligible for recordation since it did not meet the requirement of 28 V.I.C. § 130 (herein, § 130), the statutory basis for the recordation of a notice of lis pendens. Section 130 in pertinent part provides:

---

[1] The parties do not dispute that in 1957 the easement in question was created. They disagree, however, as to whether the easement was extinguished by an instrument executed in 1963.

[2] Letter of August 7, 1978.

[3] Letter of August 17, 1979.

notices of pending actions affecting title to real estate shall be entitled to be recorded in the office of the recorder in the like manner and with like effect as conveyances of land duly acknowledged, proved or certified.

Defendant argues that since the action filed by plaintiff does not affect title to defendant's property, notice relating to that action is not entitled to recording under § 130. The Court disagrees.

 The pleadings in this case describe an easement appurtenant. The definition of such an easement is as follows:

An appurtenant easement is an incorporeal right which is attached to and belongs with some greater and superior right, and is incapable of existence separate and apart therefrom. It is obvious that the easement, to be appurtenant, must be attached to a dominant estate, and it can only become legally attached by unity of title in the same person to both the dominant estate and the easement claimed. Hence, such an easement is regarded as so closely annexed to the dominant tenement that it passes prima facie upon a conveyance of such tenement without express mention, and regardless of whether the conveyance refers to "appurtenances." 3H. Tiffany, Tiffany on Real Property § 176 (3rd Edition 19).

██ Thus an appurtenant easement is incidental to any estate the possessor of the dominant tenement may have. In this case, therefore, it cannot be said that a dispute concerning whether or not such an easement exists in favor of defendant's property, the dominant estate, does not affect title to the property.

 Defendant further contends that the notice of lis pendens was not eligible for recording since it was not acknowledged, proved or certified. Such acknowledgement, proof or certification, with respect to instruments of conveyance, is required by 28 V.I.C. § 122[4] to render those instruments eligible for recordation. These formalities, however, are not applicable to notice of lis pendens. § 130 plainly states that notices are eligible for *recording* in the same manner as formalized instruments of conveyances. It does not admit of the interpretation that notices must be *formalized* in the same manner as conveyances.

---

[4] 28 V.I.C. § 122 entitled "Conveyances which may be recorded" provided that: "Every conveyance acknowledged or proved or certified by the district court as prescribed in chapter 3 of this title shall be entitled to be recorded in the office of the recorder of deeds; but such instrument, if not acknowledged, proved, or certified, shall not be recorded by the recorder of deeds."

With respect to the letters written by counsel for plaintiff, defendant argues that there was no authority for their recording. With this contention the Court must agree.

The recordation of instruments affecting title to land being governed solely by statute, State ex rel. State Highway Commission v. Meeker, 294 P.2d 603 (Wyo. 1956), and Virgin Islands Recording Act providing no express basis for the recordation of letters of the kind herein, they were not eligible for recordation. Moreover, recording the letters can serve no useful purpose. Recording statutes serve the purpose of enabling intending purchasers or encumbrancers to determine the state of title to land in which they are interested. 66 Am.Jur.2d Records and Recording Laws § 48. Notices of lis pendens serve the purpose of putting such persons on notice that any interest acquired by them in property in litigation is subject to the decision of the Court. The letters in question do not give notice of pending litigation but contain only a vague reference to the possibility of litigation at some future date should the dispute as to the easement not be resolved. As such, they merely give notice of a disagreement between land owners which without more, does not rise to the level of affecting state of title and its recordation can have no legal effect.