EARTH BUILDERS, INC., Plaintiff
and Appellant,

v.

STATE of North Dakota, For and on Be-
half of the STATE HIGHWAY DE-
PARTMENT, Defendant and Appellee.

Civ. No. 10226.

Supreme Court of North Dakota.

Oct. 20, 1982.

Zuger & Bucklin, Bismarck, for plaintiff
and appellant; argued by John A. Zuger,
Sr., Bismarck.

Robert E. Lane, Asst. Atty. Gen., State Highway Dept., Bismarck, for defendant and appellee.

PEDERSON, Justice.

This is an appeal by the plaintiff, Earth Builders, Inc., from a judgment of the district court of Burleigh County quieting the State's title to sand and gravel on land owned by Kermit Maloney. We reverse.

On March 31, 1976, Maloney executed and delivered to Earth Builders a four-year gravel, rock, sand, and clay lease, with a renewal clause, on land situated in McLean County, North Dakota. Earth Builders did not record the lease until February 20, 1981. Maloney, on May 1, 1980, executed and delivered a "material option" to the North Dakota State Highway Department for sand and gravel located on the same property in McLean County. The Highway Department recorded the lease on June 24, 1980.

The record discloses that two or three acres had been excavated, that the materials had been removed and the surface restored for agricultural uses. It is undisputed that this was evident to Highway Department representatives. Maloney testified that he told the Highway Department's representative, Harold Kottenbrock, that the property was already leased but the lease, he "thought," had expired. Kottenbrock testified that he "took his statement that he thought the lease had expired," and made no further inquiry. He specifically acknowledged that he did not ask to see a copy of the lease nor did he ask for identification of the party who had the prior lease. Kottenbrock denied offering to "check out" any conflicting claim on the property.

In its conclusions of law, the court found that the Highway Department acted in good faith without actual or constructive notice of Earth Builder's lease and that, consequently, the Highway Department acquired its interest free of Earth Builder's prior lease.

Earth Builders appeals from the judgment and urges this court to review the lower court's finding as a finding of fact rather than a conclusion of law which is fully reviewable. Rule 52(a), NDRCivP. We disagree with Earth Builder's characterization. As this court said in *E.E.E., Inc. v. Hanson*, 318 N.W.2d 101, 104 (N.D.1982), "[f]indings of fact are the realities as disclosed by the evidence as distinguished from their legal effect or consequences." When the ultimate conclusion "can be arrived at only by applying rules of law the result is a 'conclusion of law.'" *Id.* See also *Slope Cty., Etc. v. Consolidation Coal Co.*, 277 N.W.2d 124, 127 (N.D.1979). The determination that the Highway Department leased the sand and gravel rights in good faith without notice of a competing interest is a mixed question of fact and law, fully reviewable by this court without the strictures imposed by Rule 52(a), NDRCivP.

The Highway Department asserts that it acquired its interest in good faith and for valuable consideration and that its interest is, therefore, superior to that of Earth Builders. Section 47–19–41, NDCC, provides that every conveyance not recorded in accordance with the provisions of the recording act is void as against a subsequent purchaser in good faith and for valuable consideration whose conveyance is first recorded. There is no dispute that the Highway Department is a subsequent purchaser for valuable consideration. The controlling issue is whether or not it is a purchaser in good faith without notice of a prior interest. Good faith is defined as "an honest intention to abstain from taking any unconscientious advantage of another even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious." Section 1–01–21, NDCC.

One who has actual notice of circumstances sufficient to put a prudent person upon inquiry as to a particular fact, and who omits to make such an inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself and is not protected as a purchaser in good faith. *Burlington Northern, Inc. v. Hall*, 322

N.W.2d 233, 242 (N.D.1982); *City of Bismarck v. Casey*, 77 N.D. 295, 43 N.W.2d 372 (1950); *Agricultural Credit Corp. v. State*, 74 N.D. 71, 20 N.W.2d 78, 81 (1945).

█ The trial court relied upon the following excerpt from 77 Am.Jur.2d *Vendor and Purchaser* § 647, as the authority for its judgment:

"[A] purchaser is not deemed to have notice of an outstanding equity although he was informed that it once existed, if at the same time he is told by the informant that the equity has been discharged." (Citing *Rogers v. Wiley*, 14 Ill. 65 (1852)).

We cannot adopt this view as the general rule. To do so would require this court to ignore an "array of circumstances that militate against the good faith" of the Highway Department. *Pierce Township of Barnes County v. Ernie*, 74 N.D. 16, 19 N.W.2d 755, 759 (1945).

█ The Highway Department had notice of facts which would provoke a prudent person to make further inquiry beyond checking for recorded documents. Maloney was not in possession of the land, yet no contact was made with the known tenant. Maloney displayed a poor memory, yet Kottenbrock readily relied on a statement relating to expiration of a lease. It was evident that materials had been removed by someone, and the fact that a considerable quantity remained does not indicate abandonment to a prudent person.

██ Based on all of these circumstances, the Highway Department had a duty to make more than a superficial inquiry as to the prior lease and was chargeable with the information that a diligent inquiry would have disclosed. Accordingly, we conclude that the Highway Department was not a good-faith purchaser without notice of the prior interest of Earth Builders in the sand and gravel rights.

The judgment is reversed and the case is remanded for entry of judgment in favor of Earth Builders.

ERICKSTAD, C.J., and VANDE WALLE and SAND, JJ., concur.

GARAAS, District Judge, sitting in place of PAULSON, J., disqualified.

JOHN O. GARAAS, District Judge, dissenting.

I would uphold the trial court decision. The majority opinion has recited only such facts as to support its ruling and has failed to recite the totality of facts which clearly support the trial court's ruling. When such additional facts are considered, the legal effect or consequence of applying such facts to the rule of law clearly establishes that the Highway Department was an innocent purchaser for value. Furthermore, I believe that the trial court's finding that "The defendant acted in good faith and without notice of any competing interest in the plaintiff ..." is a finding of fact and the appellate court cannot declare such fact clearly erroneous. This fact, as found by the trial judge, can be arrived at only from an examination of the evidence, which includes the inferences drawn therefrom. Numerous similar determinations were categorized as "findings of fact" in *Slope County v. Consolidated Coal Company*, 277 N.W.2d 124 (N.D.1979). The facts herein are not in dispute but permit the drawing of different inferences as to whether good faith existed or not. The drawing of one such permissible inference is a finding of fact for the trial court to determine. Findings of fact are subject to the "clearly erroneous" rule on review. The majority opinion does not declare such finding "clearly erroneous" but reverses the opinion of the trial judge on the theory that it is a mixed question of fact and law. Making such a determination allows the majority to make its own findings of fact merely by labeling such findings a mixture of both fact and law. The net result is to have a trial de novo in the Supreme Court. Whether the Defendant acted in "good faith" or not is a factual determination and not a conclusion of law and therefore is not subject to review. The determination of whether Defendant is an innocent purchaser for value is a question of law as defined in *E.E.E.*,

*Inc. v. Hanson,* 318 N.W.2d 101 (N.D.1982) and thus, reviewable.

Defendant's agent did ask for a copy of the previous gravel lease prior to the time of taking the State's option and was told by the owner Maloney that he had none. Maloney did not know the name of the previous gravel lease owner. At that time, any further effort to ascertain the name of the previous lease owner from Maloney would have been futile. Maloney did not remember receiving any renewal notice from Earth Builders. Earth Builders testified that the renewal was sent by letter to Maloney by them on January 9, 1980. If the letter was not received by Maloney, the previous lease was, as far as Maloney was concerned, expired since the four year term was over. The Plaintiff had removed gravel from two or three acres in the fall of 1977. The mined area had been restored to its original state and farmed during 1979, 1980 and 1981. While Defendant was placed on notice that gravel had been removed, no prudent person could have determined how long ago the gravel had been mined, that is to say whether the mining was four years earlier or fifty years earlier. Maloney had been paid the total lease payment from Earth Movers on April 2, 1979, a period of about a year and a half after the mining had ceased.

The majority opinion is arbitrary in finding that the failure of Defendant to inquire of the farm tenant constitutes lack of good faith. The record is replete of any evidence that the farm tenant knew of the length of time of the lease or whether he knew that the previous lease had been renewed by the Plaintiff. Any such information known by the farm tenant would have had to come from Maloney and Maloney himself did not know. Possession by the farm tenant during the growing season provides the tenant with no greater knowledge of the existence and terms of such gravel lease than the owner Maloney. Maloney lived during the summer and growing season on land contiguous to the tract in question and lived in nearby Washburn during the winter. There were no suspicious circumstances which required further inquiry and, even if

such inquiry had been made, it possibly would have led only to the name of the previous gravel lessor but not to information as to the expiration of the lease. There was no duty of further inquiry in that any further inquiry would be tantamount to telling Maloney that his statements were not true. The establishment of evidence as to Maloney's poor memory and of his poor record keeping was done at the time of trial. Defendant was never put on notice of these traits of Maloney at the time of securing Defendant's lease. Relying on Maloney's representations in no way constituted lack of good faith on the part of the Defendant.

The majority opinion actually legislates that no innocent purchaser exists on a mining lease unless the purchaser checks with the farm tenant, a practice entirely foreign to a comparable oil and gas mining lease. The majority opinion requires such inquiry even though the inquiry may result in only the name of the previous gravel lessee with no information as to whether the lease is still effective. The holding of the majority opinion creates absurd results in that any previous gravel lease must be explored, even if it expired fifty years ago. The majority opinion works an injustice to innocent purchasers for value by requiring them to defend their position against a previous lessee who refused to record its lease, as in this case, so as to secure a more favorable bid against competing bidders. Earth Builders should not be allowed to circumvent the intention of our recording statutes to its own benefit and place greater responsibilities against intending purchasers. An intending purchaser should not have to travel throughout the community and inquire of all the neighbors as to possible interests of third persons. The majority opinion will place such burden on all future purchasers in North Dakota.

I find that the trial court's opinion should be affirmed for the reasons that 1) the findings of fact are not clearly erroneous, but are well supported by the evidence and 2) the trial court applied the proper law to facts and for such reason are not reviewa-

ble by this court. This court is an appellate court and must not become triers of facts by granting a trial de novo based on the unsupported position that the issues are of mixed questions of law and fact.