**ANTOINETTE BENNERSON, et al., Plaintiffs/Appellees**

**v.**

**BERESFORD and MARIE SMALL, Defendants/Appellants**

D.C. Civil No. 1986/33
D.C. Civil No. 1985/118
Terr. Court No. 1982/73

District Court of the Virgin Islands

Div. of St. Croix

Appellate Division

January 8, 1987

RICHARD KEELING, ESQ., St. Croix, V.I., *for plaintiffs/appellees*

AMELIA HEADLEY–LAMONT, ESQ. (Legal Services of the Virgin Islands), St. Croix, V.I., *for defendants/appellants*

CHRISTIAN, *Presiding Judge*, O'BRIEN, *District Judge*, and FEUERZEIG, *Territorial Court Judge*

## OPINION

PER CURIAM

In this appeal we decide whether the appellants had actual or constructive notice of pending litigation. For the reasons discussed below, we conclude that they did not, and we reverse the lower court and remand.

## I. FACTS

Beresford and Marie Small ("the Smalls") decided to make their dream of owning their own home a reality. They entered into a land sale contract on August 30, 1977, to purchase Plot 63R of Estate Whim ("the property"). The seller was William Ephraim ("Ephraim"). Frank Weisner Real Estate was the broker in the transaction ("the real estate company").

The purchase price was $7,500.00 with a $2,000.00 deposit. The balance was to be paid in monthly installments at an interest rate of 9 percent per year. Monthly payments were made from September 28, 1977, to October 25, 1978. (App. 36 at 2.)

In February of 1978, the Smalls began construction of a modest home on the property and continued building until August 17, 1978. On that date, the following handwritten note was attached to the door:

114

Please note this property is in court litigation. No one is allowed to build while the courts have jurisdiction. On behalf of Mrs. Antoinette Bennerson.

(App. 4.)

Upon reading the note, the Smalls were understandably confused. They immediately set out to determine the note's meaning and implication. Initially, they took the note to Ms. Eileen Morris, manager of the real estate company, who was also confused by the note. She told the Smalls that the title search had revealed no encumbrances against the property. Unsatisfied, the Smalls took the note to the office of the Recorder of Deeds for their own inquiry. That office told them that no notice of lis pendens against the property had been filed as of August 1978.[1]

Still uneasy about the implications of the note, the Smalls next found their way to the home of James and Vivian Bennerson ("the Bennersons"). The Bennersons would only tell them that they could not continue to build their home. They did not inform the Smalls of any details of the litigation, or its caption. They did not tell the Smalls of their own interest in the property. (App. 36 at 3.)

Still frustrated, the Smalls made a fourth inquiry at the office of Edward J. Ocean, Esq., who was the attorney for Antoinette Bennerson, the plaintiff in the pending litigation, and mother of James Bennerson. Their frustration only increased because he would not speak with them, nor did anyone in his office provide them with the name, location or the subject of the suit. (App. 36 at 4.)

The fifth stop for the Smalls was the Clerk's Office at the Territorial Court. They were told that no litigation involving their property was pending in that court. They were then referred to Legal Services. (App. 36 at 4.)

At Legal Services, their sixth and final inquiry, they spoke to an attorney. The attorney then spoke to the real estate office but made no other investigation. The Territorial Court found that the attorneys at Legal Services should have been able to apprise the Smalls of the litigation, but they did not. (App. 36 at 5.)

---

[1] A notice of lis pendens would have provided constructive notice that litigation was pending in the District Court. See, East St. Croix Beach Club, Inc. v. Caribe Isle, Inc., 17 V.I. 119, 123 (Terr. Ct. 1980).

The Bennersons did not file such a notice until May 23, 1980. See, Bennerson v. Joseph, Civ. No. 74/145 (D.V.I. 1981).

After leaving Legal Services, the Smalls made the final payment on the property in October 1978. They received a warranty deed from Ephraim in December 1978, which they recorded in February 1979.

The Bennersons, in 1974, commenced litigation involving the property in District Court. The Smalls were never joined in that action, which did not reach judgment until 1981. Therefore, they remained ignorant of the litigation. Ephraim, the grantor, had been joined in the suit on December 11, 1978, and was bound by its judgment that specifically barred him from asserting any interest in the property. That judgment specifically excluded persons not named in the suit who were bona fide good faith purchasers without notice. (App. 36 at 5-6.)

In the case before us, the trial court concluded that a diligent inquiry by the Smalls would have taken them to the District Court. Therefore, they were charged with the knowledge that such a search would have uncovered the litigation.[2] We find as a matter of law that the trial court erred, and we reverse.

## II. DISCUSSION

■■ It is axiomatic that one who is a bona fide purchaser of real property for value will take against any pre-existing equitable interest, unless he or she has notice of that interest. See generally, 92 C.J.S. § 324 (1955). Notice may be expressly given, or implied from facts. Id. It is express when it consists of knowledge actually delivered into the hands of a person; notice may be implied when it consists of knowledge of facts so informative that would cause a reasonably cautious person to be led by them to the ultimate fact. Hoult v. Rich, 170 P.2d 834, 837 (Kan. 1946).

■■ Implied notice places a duty of inquiry on the purchaser. See e.g., Modrok v. Marshall, 523 P.2d 172, 174–175 (Alaska 1974). One who is under such a duty to inquire will not be charged with notice, however, if he or she undertakes an investigation and exercises due diligence yet fails to uncover the adverse rights, or discovers facts sufficient to satisfy a reasonably prudent person that there are no such adverse rights. Federman v. Van Antwerp, 276 Mich. 344, 267 N.W. 856 (Mich. 1936).

---

[2] The trial court's judgment ordered restitution of Plot 63R Estate Whim to Mrs. Bennerson. It also denied the Smalls counterclaim to quiet title. It did, however, award the Smalls $4,188.00 on their counterclaim for unjust enrichment of the property.

116

Two courts have acknowledged this rule as follows:

> Whenever . . . a party has merely received information, or has knowledge of such facts sufficient to put him on an inquiry, and this constitutes the sole foundation for inferring a constructive notice, he is allowed to rebut the prima facie presumption thence arising by evidence; and if he shows by convincing evidence that he did make the inquiry, and did prosecute it with all the care and diligence required of a reasonably prudent man, and that he failed to discover the existence of, or to obtain knowledge of, a conflicting claim, interest, or right, then the presumption of knowledge which had arisen against him will be completely overcome; the information of facts and circumstances which he had received will not amount to a constructive notice.

Moser v. Thorp Sales Corporation, 312 N.W.2d 881, 888–89 (Iowa 1981) (quoting, Loomis v. Cobb, 159 S.W. 305, 308 (Tex. Civ. App. 1913)).

■ In cases such as at bar, the law does not prescribe a uniform standard of diligence. Carter v. Converse, 550 S.W.2d 322, 330 (Tex. Ct. App. 1977). Rather, each conveyance of real property is recognized to be, by its nature, based on a unique set of circumstances. Id. Moreover, such questions are mixed questions of law and fact which are "conclusions of law". Earth Building, Inc. v. North Dakota, 325 N.W.2d 258, 259 (N.D. 1982). Therefore, our review here is plenary. See e.g., Johnson v. Johnson, 531 F.2d 169, 174 (3d. Cir. 1976), cert. denied, 425 U.S. 997 (1977).

A. *Express Notice*

■ It is clear from the record that the Smalls did not have express notice. The note which was attached to their home by the Bennersons did not give actual knowledge of the location and caption of the litigation or of the Bennersons' interest in the land.

B. *Implied Notice*

■ It is equally clear, however, that the note put the Smalls on inquiry of possible adverse interests. Thus, we must turn to the scope of their investigation.

1) *Diligent Inquiry*

The record is replete with convincing evidence that the Smalls conducted a good faith diligent inquiry. They sought the advice of

their real estate broker, and checked the records at the office of the Recorder of Deeds. The Smalls spoke to the Bennersons and attempted to speak with the Bennersons' attorney. They went to the Territorial Court, which in this jurisdiction is more likely to be known to the lay person than the District Court. Finally, they asked the advice of an attorney at Legal Services.

Although this inquiry was designed to provide the Smalls with the complete facts, each source provided them with no information, or inaccurate or misleading information. This cannot be considered a reflection on the Smalls' good faith. In fact, it militates in their favor since these omissions thwarted the Smalls' efforts. Thus, the Smalls' failure to go to the District Court does not prejudice the degree of their diligence. We view the inquiry in its entirety, in light of surrounding facts and circumstances, and not as the trial court viewed it, as a series of isolated acts or omissions. See e.g., 77 Am. Jur. § 655 at 767 (1975) (citing, Strong v. Jackson, 123 Mass. 60, 62–63 (1877).

Viewed in this light, not an iota of information provided by these sources pointed the Smalls to the District Court. This fact is compelling since the Bennersons and their attorney had it within their power to make the Smalls aware of the District Court litigation.[3]

Indeed, the failure of the attorney at Legal Services to discover and advise the Smalls of the District Court litigation provided the Smalls with professional assurance that no litigation could be found.[4] Under these circumstances the Smalls' good faith inquiry was diligent since they had no basis upon which to inquire at the District Court.

---

[3] One who is on inquiry and who knows the adverse claimant has a duty to personally inquire of the claimant. Upon such a diligent inquiry, it is reasonable to presume that the claimant stated the entire basis of his or her claim. See e.g., Schroeder v. Toedtemeier, 200 P.2d 606, 615 (Ore. 1948).
    Here, the Bennersons and their attorney could have directly informed the Smalls of the location of the caption of the District Court litigation, or constructively informed the Smalls by filing a notice of lis pendens pursuant to 28 V.I.C. § 130.

[4] Only actual knowledge of an attorney can be imputed to the client. Wycoff v. Morola, Inc., 502 F. Supp. 77, 93 (N.D. Ill. 1980), aff'd 688 F.2d 843 (7th Cir. 1981); see also, Maldonado v. Ramirez, 757 F.2d 48, 51 (3d Cir. 1985). Therefore, the fact that the attorney could have discovered the litigation by a more thorough inquiry is not prejudicial to the Smalls.

## 2) *Failure to Discover*

As noted above, the reasonable failure to discover an existing claim after diligent investigation will relieve one who is on inquiry of the presumption of notice. See e.g., Stanley v. Schwalby, 162 U.S. 258 (1896). In the instant action, the Smalls approached reliable sources who had no interest in misleading them.[5] Their inquiry failed to discover the actual existence of the District Court litigation despite engaging in a diligent inquiry designed to uncover the facts.[6] Thus, they have overcome the presumption of notice. As one court wrote:

> If a purchaser has information and pursues a proper inquiry, and ascertains facts which will satisfy a prudent man that there is no defect of title, he can still be an innocent purchaser.

Pipkin v. Ware, 175 S.W. 808, 811 (Tex. Civ. App. 1913) (citation omitted).

■ This rule is directly applicable to a case such as this where the purchaser reasonably relies on facts which turn out to be intentionally or negligently incomplete or misleading. The Smalls' failure to investigate the records of the District Court are directly traceable to this lack of proper information. Thus, we find that the Smalls cannot be charged with the duty to investigate the records at the District Court. They have met their burden, and they have overcome the presumption of constructive notice.

## III. CONCLUSION

For the foregoing reasons, we hold that as a matter of law, the Smalls were bona fide purchasers for value of Plot 63R Estate Whim, Frederiksted, St. Croix.

## JUDGMENT

THIS MATTER came before the Court on appeal from the

---

[5] If the Smalls inquiry was confined solely to a visit to the Bennersons and/or the Bennersons' attorney, our decision may have been otherwise. See e.g., Pender v. Dowse, 1 Utah 2d, 283, 265 P.2d 644, 649 (Utah 1954). However, the breath of their investigation demonstrated it was designed to obtain information from those likely to disclose the true facts. See e.g., Modrok v. Marshall, supra at 174–178.

[6] Judge Feuerzeig noted in Federal Deposit Insurance Corporation v. Griffith, 15 V.I. 351, 361 (Terr. Ct. 1978), that one who is not innocent of the true facts may not rely on the record title. Id. Here, the Smalls' inquiry left them innocent of true facts.

119

Territorial Court. Having filed an opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the decision of the Territorial Court be, and the same, is hereby REVERSED and further

THAT this matter be Remanded to the Territorial Court for an entry of judgment in favor of the appellants on their counterclaim, quieting title to Plot 63R Estate Whim, Frederiksted, St. Croix, and dismissing the appellee's complaint with prejudice.