**CHRISTOBEL SIMMONDS, Plaintiff**

v.

**LIONEL A. SIMMONDS, Jr., Defendant**

**LIONEL A. SIMMONDS, Jr., through his agent, Edith Harris, Plaintiff**

v.

**CHRISTOBEL SIMMONDS, Defendant**

Civil No. 675/1988

Territorial Court of the Virgin Islands

Div. of St. Croix

January 31, 1990

ESZART A. WYNTER, ESQ., St. Croix, V.I., *for Christobel Simmonds*

G. LUZ A. JAMES, ESQ., St. Croix, V.I., *for Lionel Simmonds, Jr.*

FINCH, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the oral motion of Christobell Simmonds (hereinafter "Christobel") urging the Court to set aside a deed of gift which purported to transfer real property located at Plot No. 18C Estate Colquohoun, St. Croix from Lionel Simmonds (hereinafter "Grantor") to Lionel Simmonds, Jr., (hereinafter "Lionel"). Because the deed of gift was not executed in compliance with the requirements of 28 V.I.C. § 42, the Court finds that it did not effectively transfer legal title and will therefore set aside the transfer.

## FACTS AND PROCEDURAL HISTORY

By a deed of gift dated November 17, 1977 and recorded March 19, 1989 in the judicial district of St. Croix, the grantor, now deceased, conveyed to his son Lionel, subject to a life estate in the property, Plot No. 18C situated at Estate Calquohoun, Mt. Pleasant Subdivision. Christobel was married to the grantor and resided with him at the same plot. The grantor was struck by a debilitating stroke and died on May 22, 1987. After his demise, Christobel continued to reside at Plot No. 18C. The parties are in conflict as to the condition of Christobel's residency at Plot No. 18C. Christobel maintains that she is the legal owner and therefore resided as title holder of the property. Lionel inveighs Christobel's contention and argues that Christobel resided at Plot No. 18C as a tenant pursuant to a lease agreement entered between the parties.

On July 22, 1988 Christobel instituted an action for declaratory judgment, imposition of a constructive trust setting aside of the deed and debt. She alleges, inter alia, undue influence and an oral promise by the grantor that the property would pass to Christobel upon his death. Lionel interposed a timely answer and instituted a separate action for debt and restitution of the property. Both actions were consolidated for trial. At the end of the trial, Christobel moved to void the deed for failure to comply with 28 V.I.C. § 42. The Court took her motion under advisement and its adjudication here necessarily determines the merits of the allegations of both parties' complaints.

## DISCUSSION

Christobel's motion argues that the November 17, 1977 Deed of Gift transferring Plot No. 18C from the grantor to Lionel is inoperable to transfer legal title because the deed violates 28 V.I.C. § 42 in

4

that it was not executed in the presence of two subscribing witnesses.[1]

Lionel maintains that the deed of gift is effective to transfer legal title notwithstanding the absence of the other subscribing witness, for the deed was acknowledged by a notary and the notary can stand in the stead of the other subscribing witness.

The case is one of first impression. A search of the case law in this jurisdiction has revealed no case in point. However, case law from other jurisdictions is instructive.

Pertinent to the resolution of the instant dispute is the construction of 28 V.I.C. § 42(a) which provides in part:

> Deeds executed within the Virgin Islands of land or any interest in lands therein shall be executed in the presence of two witnesses, who shall subscribe their names to the same as such . . . .

The words "shall be executed in the presence of two witnesses who shall subscribe their names to the same as such" indicate a manifestation of mandatory legislative intent. The Court is mindful, however, that civil statutes are liberally construed. Hence it looks to other jurisdictions for guidance.

A deed which purports to convey title in realty, signed by the grantor and delivered but not witnessed as required by statute, is in legal effect inoperative to pass legal title. Niehus v. Ford, 38 So.2d 484 (1949); Golden v. Golden, 54 So.2d 460 (1951); Walker v. City of Jacksonville, 360 So.2d 52 (Fla. App. 1978). Deeds so executed are generally treated as an agreement to execute an instrument passing legal "title" from grantor to grantee. See, 26 C.J.S. Deeds § 35 (1956).

■ In the case, sub judice, the record indicates that the deed of gift was signed by the grantor and delivered to the grantee. However, the deed was not executed in the presence of two subscribing witnesses as required by 28 V.I.C. § 42(a). The record indicates that only one witness was present when the grantor signed the deed. It necessarily follows, and this Court so holds, that the deed of gift executed by the grantor was insufficient under Virgin Islands law to pass title of Plot No. 18C Estate Calquohoun to Lionel.

■ Lionel's contention that the notary can stand in the stead of the other witness is without merit. Ordinarily there is nothing to

---

[1] The deed of gift was executed before one subscribing witness.

disqualify a notary from being a witness to the execution of a deed. In the instant case, however, the notary's acknowledgment of the deed's execution was done solely to fulfill the statutory requirement for its recordation. 28 V.I.C. § 122; East St. Croix Beach Club, Inc. v. Caribe Isle, Inc., 17 V.I. 119 (1980).

It is the law of this jurisdiction that when an owner of property makes a gratuitous conveyance which is ineffective to transfer legal title, the donor holds the property upon a constructive trust for the intended donee if:

> (a) the intended donee has so changed his position that it would be inequitable to preclude him from obtaining the property; or
>
> (b) the donor has died believing that he has made an effective conveyance, and the intended donee was a natural object of his bounty, and it is not inequitable to permit him to have the property. Restatement (Second) of Trust § 73 (1959); Restatement of Restitution § 164 (1937).

■ Applying the foregoing precepts, Lionel has not established that he changed his position in reliance on the validity of the conveyance so that it would be inequitable to preclude him from obtaining the property. He has not given up his old residence to take possession of the property,[2] and there is no evidence that he has improved the property. There is evidence that Lionel has paid $78.00 per month to the U.S. Department of Agriculture Farmers' Home Administration in satisfaction of the mortgage on the property since May 22, 1987. However, this fact alone, when viewed in context of the evidence adduced at trial, does not establish sufficient change of position which would warrant any equitable remedy.

The evidence regarding the grantor's belief as to the validity of the conveyance at the time of his death weighs heavily in Lionel's favor. One witness, Leroy Larsen, an uncle of Lionel's, testified that the grantor gave him a white envelope containing the deed of gift and instructed him to deliver the envelope to Lionel upon the grantor's death. Christobel's testimony corroborated Larsen's testimony. Christobel testified during cross-examination that in the course of a conversation between her and the grantor, the grantor represented that she would be left in good hands (referring to Lionel) after his

---

[2] Lionel testified that he resides in the Bronx, New York.

death. Both Larsen's and Christobel's testimony indicates that the grantor died apparently believing that the deed of gift was valid.

Although Lionel is a natural object of the grantor's bounty, the Court opines that it would be inequitable to allow him to have sole possession of the property. Christobel testified during trial that while she and the grantor resided on the property, she invested considerable amount of time and money towards the improvement of the property. For example, Christobel testified, uncontested by Lionel, that she invested $400.00 toward the building of a cistern and $1,200.00 towards the construction of a third bedroom for the house. She further testified that at all times during her residency at the property with the grantor, the grantor represented to her that she had a life estate in the property.

■ In view of the uncontested representation by Christobel that she contributed towards the improvement of the property, and that the grantor informed her that she had a life estate in the property, the Court sees no reason why it should cast any doubts as to the veracity of Christobel's representation. It, therefore, follows that it would be inequitable to adjudge the deed of gift valid and confer legal title upon Lionel.

## CONCLUSION

For all of the foregoing reasons, the deed of gift which purported to transfer Plot No. 18C Estate Calquohoun from the grantor to Lionel is set aside for failure to comply with 28 V.I.C. § 42.

## ORDER

This matter is before the Court on defendant Christobel Simmonds' oral motion to set aside a deed of gift transferring Plot No. 18C Estate Calquohoun from Lionel Simmonds to Lionel Simmonds, Jr.

Based upon the memorandum opinion filed on even date herewith, it is hereby

ORDERED that the motion to set aside the transfer is granted, and it is further

ORDERED that this Order shall serve as a legal document by which title to Plot 18C Estate Calquohoun is transferred to Lionel Simmonds, Sr.